(No. 30592.—

SAM WHITE, Appellee, *vs.* SAM LANG *et al.*—(SAM LANG, Appellant.)

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

CRAMPTON, J., dissenting.

JOHN H. BECKERS, of Kankakee, for appellant.

ROBERT N. NICHOLS, of Kankakee, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Sam White, appellee, filed complaint in the circuit court of Kankakee County on May 15, 1946, against Sam Lang and Cecilia Lang, his wife, to compel specific performance of a contract dated August 30, 1945, for the sale to him of land in the town of Kankakee City. The prayer was "that defendants specifically perform said agreement of sale and execute and deliver to plaintiff a good and sufficient deed of conveyance therefor, and that defendants be enjoined and restrained from conveying or encumbering the said premises * * *." The contract was not signed by Cecilia Lang. The record does not recite service upon her, neither does it show a default against her nor a dismissal as to her.

On the day of trial, after hearing had, an amendment was added to the complaint alleging that the defendant. Cecilia Lang and Sam Lang were divorced April 3, 1946, and setting forth a paragraph of the divorce decree to the effect that thereafter neither party thereto had any rights in the property of the other. The prayer of the complaint was not amended, nor was the complaint amended in other particular. The pleadings as to appellant and appellee having been settled, evidence was heard by the court and a decree for specific performance of the contract was en-

tered against the defendant Sam Lang, from which he has appealed directly to this court, a freehold being involved.

The evidence shows that on August 30, 1945, the appellant and appellee entered into a written contract whereby it was agreed that the appellant would sell to appellee parts of lots 4 and 5 in block 4 of Knight's Addition to the town of Kankakee City for $3000 to be paid in the manner following: "the sum of One Thousand and no/100 Dollars, to be deposited in the City National Bank of Kankakee in escrow and paid over to Sam Lang when Warranty Deed signed by Sam Lang and his spouse is deposited in escrow in said Bank to be delivered to Sam White when final payment is made and approval of the abstract of title and the further sum of Two Thousand Dollars when deal is finally consummated and deed delivered  *  *  *." The contract provided that time of payment was of the essence and carried a provision that in case of failure on the part of appellee to make either of the payments or any part thereof or perform any of the covenants on his part made and entered into, the contract at the option of appellant should be forfeited and determined and that appellee would forfeit all payments made by him on the contract, such payments to be retained by appellant in full satisfaction and in liquidation of all damages by him sustained.

Shortly after the execution of the contract appellant requested his wife to join him in a warranty deed to the premises to appellee but she refused to sign the deed because the $1000 mentioned in the contract had not been deposited in the bank.

On or about September 19, 1945, appellant gave written notice to appellee that his wife would not sign the deed and offered a deed to appellee for the property signed by himself, alone, and requested appellee to advise him within three days whether he was willing to accept same. Appellee never indicated a willingness to accept the deed of appellant without his spouse signing it, and in his testi-

mony he stated that after he received the notice from appellant all he did was to take it to his lawyer. He further testified: "I didn't do anything further. I didn't agree to accept the title that he could convey. I wanted a clear title." It will be seen, therefore, that appellee was at all times insisting on a deed signed by appellant and his spouse. Even on the day of trial, after amending his complaint showing that appellant had been divorced, he did not alter his position. The complaint was amended in no other particular. The prayer remained the same—that the contract be specifically enforced.

There is nothing in the record to show that appellee at any time would have accepted a deed from the appellant, alone. In fact, the record indicates the contrary. From aught that appears appellee may not have been satisfied that the decree entered in the divorce proceedings would protect him in a subsequent claim by Cecilia Lang for an interest in the property. The decree granted him the relief prayed for even though the record clearly showed that appellant had no spouse and that it was impossible for him to deliver a deed signed by himself and spouse in accordance with the written contract. We recently held that where a vendor's wife does not sign his written contract to convey by warranty deed signed by himself and wife and she also refuses to sign the deed, the vendee's suit for specific performance must be dismissed where he has refused to accept a warranty deed signed by the vendor, alone, as, plaintiff having elected to take such position, there is no relief that equity can give in decreeing specific performance of the contract. (*Pearson* v. *Adams,* 394 Ill. 391.) The court should have dismissed the complaint for want of equity.

There are other reasons why specific performance cannot be granted in this case. The contract, it will be noted, provides that appellee should deposit $1000 in the City National Bank of Kankakee, in escrow, which was to be

paid over to appellant when a warranty deed signed by him and his spouse was deposited in escrow in said bank to be delivered to appellee when final payment was made and the deal finally consummated. This $1000 was never deposited in the bank. That is the reason appellant's spouse refused to sign the deed before the divorce. A court has no authority to compel a party to do something different from that which by his contract he has agreed to do.. In specific performance it is the province of the court to enforce the contract which the parties have made and not to make a contract for them and then enforce it. *Morris* v. *Goldthorp*, 390 Ill. 186, 196; *Shaver* v. *Wickwire*, 335 Ill. 46, 51; *Olson* v. *Forsberg*, 332 Ill. 266, 272.

Appellee takes the position that this was a cash deal and the money was to be paid when the deal was closed and the deed delivered and that he was not required to deposit any money in the bank. With this contention we cannot agree. The language of the contract with reference to forfeiture indicates that there was to be some money deposited which could be forfeited, otherwise that provision would be meaningless. The first step to be taken was for the appellee to deposit the $1000 in escrow in the bank. The next step was for appellant to produce a warranty deed signed by himself and his spouse and deposit that in escrow in the bank. The third step was the final consummation of the deal by payment of the remaining $2000 after an abstract was furnished and the title found to be clear.

Before one is entitled to specific performance of a contract he must show that he is not in default, and that the contract has been fully, fairly and in good faith performed on his part. (*Johnson* v. *Riedler*, 395 Ill. 412, 417; *Olson* v. *Forsberg*, 332 Ill. 266, 276; *Mitchell* v. *White*, 295 Ill. 135, 140.) We held, in *Miller* v. *Shea*, 300 Ill. 180, that until one has taken all the steps required of him by the agreement no right accrues to him to file a bill to compel specific performance.

Appellee, on December 4, 1947, at the trial, tendered the sum of $3000 to appellant and deposited that amount in court. The contract provided that he should pay, in addition to the $3000 all general taxes and special assessments or impositions that may be legally levied or imposed upon said land subsequent to the year 1945. Certainly general taxes had been levied subsequent to the year 1945 and prior to the date of tender. The tender, had it been in order, was insufficient in that regard.

Other points are raised and discussed in the briefs of counsel which do not require comment here. We have considered them all and have come to the conclusion that the circuit court was wrong in decreeing specific performance. The decree is therefore reversed.

*Decree reversed.*

Mr. JUSTICE CRAMPTON, dissenting.