Arnold Cohn, Plaintiff-Appellant, v. Board of Education of Waukegan Township High School District No. 119, Lake County, Illinois, Defendant-Appellee.

Gen. No. 68–199.

Second District.

January 6, 1970.

Ligtenberg, Goebel and DeJong, of Chicago, and William H. Greene, of Waukegan, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

454

MR. JUSTICE DAVIS delivered the opinion of the court.

Arnold Cohn, plaintiff, by this action, seeks to obtain a declaratory judgment that he is entitled to a higher classification on the salary schedule of the Waukegan Township High School District, and to obtain damages for the salary allegedly lost because of his classification.

The plaintiff was continuously employed by the Board of Education of said School District, defendant herein, as a physical education teacher, pursuant to a contract executed in 1961. Prior to his employment by the defendant, he had a total of three years' prior teaching experience in two elementary school districts. It is undisputed that the defendant's rules at the time the plaintiff was hired, provided:

> "I.E. In employing teachers for this high school the Board of Education and the superintendent will evaluate the prior service carefully. Full credit may be allowed on the salary schedule for the first ten years of prior teaching experience comparable to that in this high school and for related professional, industrial and military experience. After the teacher has established tenure in this school full credit for all years of prior service up to the maximum provided for by the salary schedule may be allowed."

The plaintiff was not allowed full credit for his three years' of elementary school teaching experience at the time he acquired tenure. From time to time thereafter, he sought full credit on the salary schedule, which was denied. He then brought this action. For the reasons hereinafter stated, we find that the court below committed no reversible error in its rulings in the trial of this case.

Prior to trial, the plaintiff filed a motion to compel the Board of Education to make available to him for inspection, the employment records of thirty-two teachers,

as well as such other records as would indicate the rate of pay the teachers received. The court denied this motion and its ruling in this respect constitutes part of the basis of this appeal. The plaintiff also contends that the trial court erroneously ruled that certain evidence in the form of information regarding other teachers in the system, and the way in which Rule I.E. had been interpreted with reference to them—in regard to such things as college teaching and trade experience—was irrelevant.

■ We recognize that great latitude is allowed in the scope of discovery in this state. Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410 (1966); Hruby v. Chicago Transit Authority, 11 Ill2d 255, 142 NE2d 81 (1957). Supreme Court Rule 214 (Ill Rev Stats 1967, c 110A, par 214), pertaining to discovery, however, confers wide discretion on the trial judge who is in control of such discovery. People ex rel. General Motors Corp. v. Bua, 37 Ill2d 180, 192, 193, 226 NE2d 6 (1967). This rule also provides that documents may be discovered ". . . whenever the nature, contents, or condition of such documents . . . is relevant to the subject matter of the action."

■ The plaintiff's motion to inspect was directed to the production of employment records of thirty-two teachers employed by the defendant, whose records, in the opinion of the plaintiff, had a direct bearing on the case. The plaintiff's motion neither alleged the reasons why these records might have a direct bearing on this litigation, why they were relevant or material, nor set forth that these teachers had similar backgrounds, had taught physical education, or had received credit for prior teaching experience. If such were the facts, they should have been alleged. Under these circumstances, we cannot say that the trial court abused its discretion in denying the motion to produce.

456

We recognize that the nature and extent of the power vested in the court required a careful exercise of its discretion in order to balance the needs of seeking the truth against the needless harassment of a party litigant. However, in the absence of proper factual allegations by the plaintiff of the relevancy and materiality of the records, we find no abuse of discretion by the court.

■ The plaintiff also sought to have the employment records of the aforesaid thirty-two teachers produced at the trial by serving a notice to produce records upon the defendant. The notice, which did not designate the person required to appear, as provided by Supreme Court Rule 237 (Ill Rev Stats 1967, c 110A, par 237), was quashed by the trial court, and we think properly so, even aside from all questions of form. The principles of reasoning, by which we sustained the propriety of the trial court's ruling on the plaintiff's motion to produce, are equally applicable to the court's action in quashing the notice to produce, which we hold, under the circumstances, to have been proper.

The plaintiff also contends that the trial court erroneously ruled that many items of evidence were irrelevant when such items were, in fact, relevant, and even conclusively proved parts of his case. The defendant urges that this court has no power to consider this point in that the report of proceedings is improperly before us. There is considerable merit to the defendant's contention; however, we deem it unnecessary to decide this issue, as a decision of the point on merits will not change the result in this case.

■ When the legislature has empowered a School Board to perform certain acts, courts will not interfere with the exercise of such powers, or substitute their discretion for that of the School Board, unless its action is palpably arbitrary, unreasonable, or capricious (Richards v. Board of Education of Township High School

Dist. No. 201, 21 Ill2d 104, 110, 171 NE2d 37 (1960)); and such action will not be disturbed unless it is against the manifest weight of the evidence (Riley v. School Dist. 124, 75 Ill App2d 35, 41, 221 NE2d 424 (1966)).

We note that the plaintiff, in urging that the trial court made erroneous rulings as to the evidence, relies on People v. Board of Education of Chicago, 86 Ill App2d 298, 230 NE2d 85 (1967). We think that such reliance is misplaced. As we view the case, it held that once the Board of Education has exercised its discretion to interpret its rules liberally so that a teacher is placed in a certain salary bracket, it had no power to later rerate that teacher perspectively on the theory that the original rating was too high. Once having acted, the Board, in the absence of fraud, duress or mistake, has lawfully exhausted its power over that subject matter.

The case at bar does not relate to the question of the power of the Board to change or to rerate a status given by it; rather, this case places in issue the plaintiff's claim that the Board's original action was erroneous. Section 24–1 of the School Code (Ill Rev Stats 1967, c 122, par 24–1) vests in the defendant the power to set the plaintiff's pay. This section provides that the Board of Education shall appoint teachers and fix the amount of their salary subject to limitations set forth in the Act. It is the purpose of the School Code and the pertinent decisions of the Court, to preclude any discrimination by a School Board against any teacher who has once lawfully been placed in a given salary classification. In this case, no action of the Board of Education has been called to our attention, which would be classed as so arbitrary or unreasonable, as to authorize us to set aside the Board's determination.

According to the plaintiff's evidence, the defendant, in 1958, adopted a written salary policy which provided that full credit *may* be allowed on the salary schedule for the first ten years of prior teaching experience com-

parable to that in the defendant's school district for interrelated professional, industrial and military experience, and after the teacher has established tenure, the Board *may* allow full credit for all years of prior service up to the maximum provided for by salary schedule.

After the plaintiff was hired, a written change was made in this policy. It provided that credit would be allowed for elementary experience in a departmentalized school in the subject area in which the teacher would work in the high school. Testimony elicited by the plaintiff was to the effect that elementary experience in a departmentalized school is experience in junior high schools at seventh and eighth grade levels.

Testimony as to treatment of several other teachers was introduced. One of these teachers had received seven years' credit for prior teaching experience; had taught in a combined grade and junior high school and in a junior high school, and his experience fit within the definitions in the defendant's policy. Another was given credit for prior elementary experience, and the defendant's witness testified that this had been done through inadvertence, and was a mistake. Evidence was presented that a third teacher did not receive credit for prior elementary teaching.

■ There was a plethora of other testimony, but, in essence, the above circumstances illustrate the gist of the evidence. Nowhere in the record is it indicated that the Board of Education treated the plaintiff in a palpably arbitrary or unreasonable manner. The Board's action, of which the plaintiff complains, was pursuant to the powers vested in it by the School Code, and absent proof of discriminatory action against him, the judgment of the trial court must be affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.

tal well-being of respondent (Supreme Court Rule 215(d)(2); Ill Rev Stats 1967, c 3, § 112).