MARCIEL POTTER *et al.*, Plaintiffs-Appellants, *v.* SCHOOL DIRECTORS OF DISTRICT No. 87 *et al.*, Defendants-Appellees.

(No. 12121; ▮▮▮▮▮▮)

Fourth District—March 7, 1974.

Fleming, Messman, Lapan & O'Connor, of Bloomington (Roger D. Lapan, of counsel), for appellants.

Pratt, Larkin & Williams, of Bloomington (John T. Pratt and H. Paxton Bowers, of counsel), for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of McLean County dissolving a temporary injunction and denying plaintiffs' complaint for a permanent injunction. The plaintiffs appeal.

Many issues are raised on appeal. However, we find that the plaintiffs do not have an interest in the subject matter cognizable in a suit for injunction. Such determination is decisive.

The plaintiffs are taxpaying residents of Bloomington School District No. 87 and parents of children who have heretofore attended the Raymond School attendance center. The defendant is the Board of Education School District No. 87 located in Bloomington, Illinois.

The plaintiffs originally sought to enjoin defendant from consolidating Raymond School attendance district and the Sheridan School attendance district—the effect of which was to compel the students living in the Raymond district to attend the Sheridan School. The Board of Education desired to consolidate the two districts in order that the Raymond School could be used by the Tri-County Special Education Association as an educational unit for the trainable mentally handicapped.

Prior to April 26, 1972, the date the Board of Education voted to consolidate the attendance districts, several public meetings were held at which the aforementioned proposal was discussed. At these meetings, the parents of children attending both the Raymond and Sheridan schools voiced their opposition to the proposal. The objectors cited various reasons for their opposition. These reasons ranged from the fact that their children would have to be bused to school to the fear that the property value of their homes would be reduced because of their close

proximity to an institution devoted to the trainable mentally handicapped students. Part of the Raymond School was officially leased to the Tri-County Special Education Association on or about July 1, 1972.

On August 4, 1972, the plaintiffs filed a complaint praying for permanent injunction and a temporary injunction preventing the merger of the two attendance districts. The circuit court of McLean County on August 14, 1972, ordered that a temporary injunction precluding the merger should issue. The hearing on the motion for a permanent injunction was on August 29, 1972. At the conclusion of the hearing, the temporary injunction was dissolved and the motion for permanent injunction was denied. Plaintiffs appeal.

█ █ It is axiomatic that before an injunction can issue it must be clear the petitioner has a right that is certain and clearly ascertainable which he seeks to protect. (*Schwalm Electronics, Inc. v. Electrical Products Corp.*, 14 Ill.App.3d 348, 302 N.E.2d 394.) Equity must not assume jurisdiction to issue an injunction where the right of the claimant is doubtful. *Bohomolec v. Gieblewicz*, 3 Ill.App.3d 16, 278 N.E.2d 202.

█ █ In *Schrieber v. County Board of School Trustees*, 31 Ill.2d 121, 198 N.E.2d 848, the supreme court, when construing section 7—2.1 of the School Code (Ill. Rev. Stat. 1963, ch. 122, ¶ 7—2.1), held that individuals have no property interest in the location of school district boundaries. Likewise, this court held in *Allen v. Maurer*, 6 Ill.App.3d 633, 286 N.E. 2d 135, that taxpayers who had children in public schools lacked standing to maintain action for injunctive relief against striking teachers essentially because the control of a school system and the manner in which a constitutional mandate for a free and efficient system of public instruction is carried out rests solely with the board of education.

█ █ We find that the residents of a school district have no protectible interest invested in the integrity of the boundary lines separating district attendance centers; nor do they have any proprietary interest in the administrative determination concerning the location of attendance centers within a school district. Since the plaintiffs have no discernible property right which can be protected, they lack standing to sue defendant.

Accordingly, the judgment of the circuit court of McLean County dissolving the temporary injunction and denying plaintiffs' request for a permanent injunction is hereby affirmed.

Affirmed.

SMITH, P. J., and TRAPP, J., concur.