MARILYN STASICA *et al.*, Plaintiffs-Appellees, *v.* DR. JOSEPH P. HANNON, Superintendent of the Chicago Board of Education *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 78-344

Opinion filed April 11, 1979.

Michel J. Murray, Richard E. Girard, and Edward C. Peterson, all of Chicago, for appellants.

Aurelia Marie Puckinski and James O'Brien, both of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiffs, Marilyn Stasica and Vera Powers, are parents of children who were registered to begin kindergarten in September 1977 at the Edison Branch School of the Chicago Board of Education (Board). They brought a class action suit against the superintendent, president and members of the Board seeking an injunction against the closing of the Edison Branch School. The class of plaintiffs included the two named plaintiffs and the other unnamed parents of children similarly enrolled and in attendance at the school.

The Edison Branch School is a small, two-room schoolhouse located on the northwest side of the city of Chicago. The school, at the time the cause of action arose, had two teachers and 47 students in kindergarten and grades 1 through 4. On July 27, 1977, the general superintendent of schools, Dr. Joseph P. Hannon, recommended to the Board the closing of the school. That recommendation was referred to the Area C Committee of the Board for public hearing. The Board alleges that notice of the hearing was given to many parents and to officials of the Parent-Teacher's Association. The plaintiffs allege that no official notice of the hearing was given to the parents of students registered at the school. The hearing was held on August 10, 1977, and members of the Parent-Teacher's Association and several parents, including the plaintiff Stasica, attended and voiced their objection to the recommendation.

The Area C Committee recommended to the Board that it accept the recommendation of Dr. Hannon to close the school. On August 18, 1977, the recommendation was accepted by unanimous vote. Most, but not all, of the parents of the children who were enrolled at the school, received letters dated August 23, 1977, advising them that the Edison Branch School would be closed effective immediately. They were advised that they could send their children to any of three named surrounding schools.

On August 31, 1977, after the Board refused to reconsider its decision, the plaintiffs filed their complaint and requested that a temporary restraining order be entered to prevent the Board from closing the schoolhouse. Without hearing evidence, the trial court issued a temporary restraining order enforceable for 12 days (rather than the statutory 10 days) pursuant to agreement of counsel. (Ill. Rev. Stat. 1977, ch. 69, par. 3—1.) This order was extended an additional 7 days on September 12, 1977, at which time the defendants raised the question of the school building's safety.

On September 19, 1977, the court heard evidence presented by the plaintiffs concerning the safety of the school. The court preliminarily enjoined the Board from closing the Edison Branch School until further

order. The next day the plaintiffs filed an amended complaint and a motion for preliminary injunction. On September 21, 1977, on the emergency motion of plaintiffs' counsel, the court vacated its order of September 19, since this order was entered without any written notice having been filed, and entered a revised order for preliminary injunction nunc pro tunc. Subsequently, the defendants filed their verified answer and a motion to dissolve the preliminary injunction. This motion was heard on October 28, 1977. The court denied the defendants' motion and set the matter for full hearing on the merits on December 20, 1977. The defendants filed notice of interlocutory appeal on November 23, 1977.[1]

■■ The sole issue for review is whether the trial court improperly denied the defendants' motion to dissolve the preliminary injunction. The purpose of granting a preliminary or temporary injunction before trial is to prevent a threatened wrong, or further perpetration of injury, until the merits of the case can be determined. Such an order is granted in order to preserve the status quo of the parties. (*Bojangles, Inc. v. City of Elmhurst* (1976), 39 Ill. App. 3d 19, 349 N.E.2d 478.) The issuance of a preliminary injunction is within the sound discretion of the trial court upon a prima facie showing of necessity. (*K. F. K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 335 N.E.2d 156.) The court's exercise of discretion in ordering a preliminary injunction and in denying a motion to dissolve it will not be overturned absent a clear showing of abuse of discretion. (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 229 N.E.2d 536; *Board of Trustees v. Bakalis* (1978), 64 Ill. App. 3d 967, 382 N.E.2d 26; *Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 343 N.E.2d 695.) In reviewing the discretion of the trial court, the appellate court may only decide whether the plaintiff has demonstrated the existence of a lawful right for which protection is sought (*Bojangles*); the plaintiff probably will be entitled to the relief sought if the evidence sustains the allegations of the complaint (*City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106), and the remedy at law is inadequate (*K. F. K. Corporation*).

■■ In their pleadings, the plaintiffs alleged that they had exhausted all administrative remedies and they did not have an adequate remedy at law; that the Board failed to provide adequate notice of the closing of the Edison Branch School; that their children would be deprived of their right to a public education under article X, section 1 of the Illinois Constitution of 1970, and would suffer immediate and irreparable harm due to the inability of their parents to make alternative arrangements for their

---

[1] The defendants' notice of interlocutory appeal states the defendants are appealing "from the order of this case entered on September 27, 1977, refusing to dissolve a preliminary injunction ° ° °." The court denied the motion to dissolve the preliminary injunction on October 28, 1977. Therefore, we assume the date stated in the defendants' notice should have been October 28, 1977.

education. The defendants did not file an answer to the plaintiffs' verified amended complaint until after the court entered its order for a preliminary injunction. Thus, the trial court was required to take all the well-pleaded facts in the complaint as true. *McErlean v. Harvey Area Community Organization* (1972), 9 Ill. App. 3d 527, 292 N.E.2d 479.

The trial court issued the preliminary injunction based on its findings that the plaintiffs proved a prima facie right to the injunction, and the court stated:

"* * * but for the entry of this Order by the Court, the failure of the Chicago Board of Education to give adequate notice of such closing would deprive the children of such school and their parents as parents and taxpayers of their full right to a public education under Article X, Section 1 of the Illinois Constitution and cause them immediate and irreparable harm thereby * * *."

We believe that the trial court did not abuse its broad discretion in granting the preliminary injunction.

On appeal the defendants argue that the Board of Education has statutory authority to establish attendance areas for its schools, and the court should not interfere with this authority by substituting its judgment for that of the Board. The plaintiffs agree that the School Code creates such powers in the Board and its general superintendent. (Ill. Rev. Stat. 1977, ch. 122, pars. 34—18(7) and 34—8, respectively.) However, the power of the Board and its superintendent is not absolute. A court will interfere with the exercise of legislative powers and substitute its judgment when it appears that the Board has acted palpably arbitrarily, unreasonably or capriciously. *Hall v. Board of Education* (1977), 48 Ill. App. 3d 834, 363 N.E.2d 116. See *Byerly v. Board of Education* (1978), 65 Ill. App. 3d 400, 382 N.E.2d 694; *Cohn v. Board of Education* (1970), 118 Ill. App. 2d 453, 254 N.E.2d 803.

It appears clear, upon an examination of the record in the instant case, that the Board's power to close the Edison Branch School was not in issue. Rather, the issue was whether the Board acted arbitrarily, capriciously or unreasonably by giving late notice to the parents. Thus, judicial intervention was warranted and the trial court properly set a hearing to determine the merits of this issue.

■■ The defendants also contend that the plaintiffs lacked standing to enjoin the closing of the Edison Branch School because they did not have an ascertainable right that was entitled to protection. We agree with the trial court's finding that the children of the school and of the plaintiffs did have a right to receive a public education as guaranteed by article X, section 1 of the Illinois Constitution of 1970, and that in order to protect that right, the plaintiffs were entitled to adequate notice when the Board decided to close the school.

The right to education was recognized in *Allen v. Maurer* (1972), 6 Ill. App. 3d 633, 286 N.E.2d 135, when the court stated "the State has a constitutional duty to provide and the public has a right to receive an efficient high quality educational system." See *Elliot v. Board of Education* (1978), 64 Ill. App. 3d 229, 380 N.E.2d 1137.

■■ The defendants rely on *Potter v. School Directors* (1974), 17 Ill. App. 3d 781, 309 N.E.2d 58, wherein the court found the plaintiffs, who were also taxpayers and parents of school-age children, lacked standing to enjoin the consolidation of two attendance districts. The *Potter* decision held that the plaintiffs had no protectible or proprietary interest, and thus no property right, in the determination of attendance center locations. An examination of the facts in *Potter* reveals that the parents sought a permanent injunction against the merger based on anticipated fears of busing and of the decline in the property value of their homes. The effect of the issuance of the injunction by the court would have been a substitution of the court's judgment for that of the school board's without proof that the board had acted arbitrarily or capriciously. We agree with the holding in *Potter* in light of its factual setting. However, we distinguish the instant case wherein the plaintiffs are not seeking to have the court overrule the Board's decision. The plaintiffs are seeking to have the court find that the Board acted arbitrarily and capriciously in implementing its decision to close the school. Therefore, we hold the parents have a protectible right to education which gives them standing to seek to preliminarily enjoin the Board's actions in view of their allegation that the Board failed to give adequate notice of its decision to close the Edison Branch School.

For the foregoing reasons, the order of the Circuit Court of Cook County denying the defendants' motion to dissolve the preliminary injunction is affirmed, and the cause is remanded for a hearing on the merits.

Affirmed and remanded.

SIMON, P. J., and RIZZI, J., concur.