ANNE E. ROSINIA, Plaintiff-Appellee, *v.* ROSALIE GUSMANO *et al.*, Defendants-Appellants.

First District (1st Division)    No. 80-2208

Opinion filed November 17, 1980.

Brown, Goodman & Carper, Ltd., of Chicago (J. Chris Goodman, of counsel), for appellants.

Anthony W. Rosinia, of Michigan City, Indiana, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In this intrafamilial litigation, Anne Rosinia (plaintiff) charged her sister Rosalie Gusmano and brother-in-law Salvatore Gusmano (defendants) with fraudulent conversion of funds of their deceased mother,

Justina Anzalone. On July 9, 1980, the trial court issued a preliminary injunction to restrain defendants, until further order of the court, from withdrawing or dissipating funds deposited in designated saving institutions. Defendants appeal. Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)(1).

Plaintiff's verified complaint alleges Justina Anzalone died in Michigan on November 20, 1977, at the age of 88. On October 26, 1977, she had suffered a stroke which left her paralyzed. After 1968, when her husband died, Mrs. Anzalone established certain bank accounts which she held jointly with plaintiff. The mother had other accounts which were held by her as trustee for defendant Rosalie Gusmano. Mrs. Anzalone made several wills which showed her intent to divide her property between her daughters. Plaintiff had a good relationship with her mother and aided her. Mrs. Anzalone lived with plaintiff for four or five years after Mrs. Anzalone's husband died. Defendants, on the other hand, continuously harassed the mother for money and were indifferent to her needs. In his will, Mr. Anzalone expressed his displeasure with his daughter Rosalie Gusmano.

The complaint further alleges Mrs. Anzalone had failing eyesight, could not read or write English, and had a faltering memory. She was confused as to her property and the identity of her daughters. There was a fiduciary relationship between the mother and the defendants. A few months before the mother died, defendants fraudulently transferred her bank accounts from the joint names of Mrs. Anzalone and plaintiff to the joint names of Mrs. Anzalone and defendant Rosalie Gusmano. Defendants contrived to have a new will executed by the mother which favored Rosalie Gusmano and virtually disinherited plaintiff. These acts were unknown to plaintiff prior to her mother's death. From time to time, Rosalie Gusmano withdrew funds from the bank accounts.

Plaintiff also alleges Justina Anzalone had called the police because Rosalie Gusmano had stolen her bank books and deeds. After the mother's death, the defendants refused to disclose any information to plaintiff concerning the decedent's estate. Plaintiff joined various saving institutions doing business in Illinois as parties hereto.

The record shows Justina Anzalone had resided in Michigan and her will was probated there. Plaintiff contested the will and a jury found it invalid. Plaintiff also brought an action in Indiana to recover certain assets allegedly taken by Rosalie Gusmano from the estate. The Indiana court issued a temporary injunction and restraining order against defendants to prevent them from dissipating any of the decedent's property including bank accounts, certificates of deposit, withdrawn funds, and contents of safety deposit boxes.

Defendants' motion filed March 27, 1978, to strike plaintiff's complaint, raised the issue of pendency of similar causes of action in Indiana

and Michigan. This motion was based upon sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 45 and 48(1)(c)). As the supreme court has pointed out, this type of procedure, " 'is likely to confuse both the parties and the court.' " (*Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 497-98, 396 N.E.2d 34, quoting *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605.) The motion was supported by an affidavit by defendant Rosalie Gusmano. However, on May 24, 1978, after a nonevidentiary hearing, the trial court denied the motion of defendants. On November 15, 1979, the trial court had entered a preliminary injunction restraining the defendants from withdrawing funds from certain designated saving institutions which had been joined as parties hereto. On December 5, 1979, defendants filed their first motion to dissolve the injunction. This motion in effect suggested the injunction was "unequitable and unlawful" and did not raise any issue regarding the pendency of litigation in other States.

On January 28, 1980, after a hearing, the trial judge entered an order denying the motion to dissolve the injunction. No interlocutory appeal was taken from this order. On April 3, 1980, defendants filed an additional motion to dissolve the injunction. This document and exhibits take up approximately 60 pages of the record. The motion attempts to raise the point that the pendency of litigation in other States deprived the trial court of subject matter jurisdiction over the litigation and the injunction was therefore void.

On April 3, 1980, plaintiff filed a lengthy response to the motion to dissolve. On July 9, 1980, after a nonevidentiary hearing, the trial court denied the motion to dissolve. This same order provides temporary injunctional relief restraining the defendants from withdrawing funds, restraining designated saving institutions from disbursing said funds, and from permitting withdrawals therefrom until further order of the court. The notice of appeal also purports to "appeal from the implicit declination of the court to dismiss the plaintiff's action for want of subject matter jurisdiction, said issue having been raised and argued."

We will first consider the contentions made by defendant concerning the propriety of the injunctional order appealed from with reference to the sufficiency of plaintiff's complaint and whether the granting of injunctional relief was an abuse of discretion. As a general matter, before a preliminary injunction is granted, the movant must establish possession of a certain and clearly ascertained right which needs protection; immediate and irreparable injury if the injunction is denied; inadequate remedy at law; and likelihood of ultimate success on the merits of the case. (*Packard Instrument Co. v. Reich* (1980), 89 Ill. App. 3d 908, 412 N.E.2d 617; *Central Building & Cleaning Co. v. Vodnansky* (1980), 84 Ill.

App. 3d 586, 588, 406 N.E.2d 32; *Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236-37, 396 N.E.2d 1246.) However, the issuance of a preliminary injunction rests in the sound discretion of the trial court. *Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236; *Stocker Hinge Mfg. Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 643, 377 N.E.2d 1125.

■■ "When the injunction is issued on the basis of the complaint the pleading must specify all facts necessary to justify the unusual relief sought." (*Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 456, 343 N.E.2d 695.) The purpose of a preliminary injunction is to preserve the status quo, not to decide the merits of the case. (*Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236; *Armour & Co. v. United American Food Processors, Inc.* (1976), 37 Ill. App. 3d 132, 135, 345 N.E.2d 795.) The movant "need not make out a case which will entitle him to the ultimate relief he seeks but may raise only a fair question as to the existence of the right claimed, making it appear advisable that the position of the parties should remain the same until the court has the opportunity to consider the case on its merits." *Shappert*, 36 Ill. App. 3d 452, 456-57.

■■ In the case before us, no evidence has been heard concerning the substantive issues. We need address the merits only insofar as it is necessary to determine whether the trial court abused its discretion. (See *Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236.) Although defendants filed an answer and denied most of the allegations above summarized, the charges in the complaint are serious and require a full hearing for their resolution. The preliminary order appealed from does not dispose of the merits, but simply preserves the status quo. Under these circumstances, we find the able trial judge was well within the bounds of reasonable discretion in issuance of the injunctional order appealed from.

■■ Defendants contend the trial court lacked subject matter jurisdiction. We do not agree. The Illinois Constitution of 1970 vested "original jurisdiction of all justiciable matters" in the circuit courts except for certain exceptions not pertinent here. (Ill. Const. 1970, art. VI, §9; see *English v. English* (1979), 72 Ill. App. 3d 736, 741, 393 N.E.2d 18, and cases there cited.) The trial court undoubtedly had subject matter jurisdiction over this justiciable controversy.

■■ As a corollary to this argument, defendants urge the trial court should have dismissed the case because the same action between these parties is pending in Michigan and in Indiana. The legal propriety of the denial of the motion to dismiss filed March 27, 1978, is not properly before this court. "[T]he denial of a motion to strike or dismiss, of itself, is not a final and appealable order * * *; it is merely an interlocutory order which is not a final disposition of the proceeding sufficient to confer jurisdiction

on an appellate court." *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 807, 336 N.E.2d 276; *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 656, 370 N.E.2d 47, *appeal denied* (1978), 71 Ill. 2d 598, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.

■■ However, defendants seek to raise as an issue in this court the alleged lack of jurisdiction in the trial court as set forth in the motion of defendants to strike and dismiss the complaint. Defendants attempt to do this by repeating in their motion to dissolve the injunction the pendency of other litigation which was raised in the previous motion to strike and dismiss. We will not, within the limits of this appeal, attempt to pass upon the validity of denial by the trial court of the motion to dismiss. Not only is that issue not properly before us but also the pertinent statute specifically provides that a duplication of litigation in other courts may be raised in a motion to dismiss. (Ill. Rev. Stat. 1979, ch. 110, par. 48.) The cited statute provides that this issue may be raised by defendants' answer and any error in denial of the motion to dismiss would not be waived. Defendants cite no legal basis for making this type of contention the reason to dissolve an injunction, and we are aware of none.

■■ In addition, defendants' notice of appeal is correctly headed "Notice of Interlocutory Appeal" in conformity with Supreme Court Rule 307(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)). The notice specifies the various portions of the interlocutory order from which this appeal was taken. "An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed." (*Panduit Corp. v. All States Plastic Manufacturing* (1980), 84 Ill. App. 3d 1144, 1151, 405 N.E.2d 1316.) The rules of the supreme court contain no provision for appeals from an "implicit declination" by the trial court as defendants attempt to pursue. Aside from special interlocutory appeals, the rules provide only for appeals from final judgments. Ill. Rev. Stat. 1979, ch. 110A, par. 301.

We note also as a practical matter the injunctional order appealed from would appear to be a pragmatic and necessary status quo order. Since the various Illinois saving institutions are parties to this litigation, the trial court in Illinois can, with greater certainty than courts in any other jurisdiction, assure that the funds in issue will not be dissipated. It seems to us that the proper remedy for all of the parties here would be the maintenance of the status quo and a speedy resolution of the issues as the merits thereof may appear.

For these reasons the order appealed from is affirmed.

Order affirmed.

O'CONNOR and CAMPBELL, JJ., concur.