MADIGAN BROTHERS, INC., Plaintiff-Appellant, v. MELROSE SHOP-PING CENTER COMPANY *et al.*, Defendants (La Salle National Bank, Trustee, *et al.*, Defendants-Appellees; Edward Rothschild *et al.*, Defendants).

First District (5th Division) No. 84—0950

Opinion filed December 28, 1984.—Rehearing denied February 22, 1985.

Defrees & Fiske, of Chicago (Edward J. Griffin, of counsel), for appellant.

Leon Zelechowski and Robert Blecher, both of Boorstein, Freed, Zelechowski & Cohn, of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Madigan Brothers, Inc., appeals from an order granting defendants' motion to strike plaintiff's motion for preliminary mandatory injunction. On appeal, the issue is whether the trial court erred in granting defendants' motion to strike. We affirm.

We initially note that the trial court heard no evidence on the merits of this cause; therefore, only the matters raised in the pleadings and subsequent pretrial motions are addressed herein. The record discloses that plaintiff is a tenant in a shopping center owned by defendants, La Salle National Bank, Winston Plaza Associates, David Goldstein and T.D.P. Corporation. The lease entered into by the parties provides, in relevant part, as follows:

> "*The landlord *** agrees that*, at its sole cost and expense, subject to the provisions of Section 2 of Article III, it will provide, operate, manage and maintain during the term of this

> lease, and any extension thereof, all of the parking areas, * * *
> and that *it will keep such areas free of obstruction, clear of debris, water, ice and snow and in a clean condition.*" (Emphasis added.)

Plaintiff is required by section 2 of article III of the lease to pay an additional minimum guaranteed rent of $4,000 per year as plaintiff's share of the cost of maintaining the common areas of the shopping center.

Count I of plaintiff's fourth amended complaint alleged that defendants failed and refused to remove snow and ice from the parking areas of the shopping center and threatened to do so in the future, thereby eliminating parking spaces, obstructing traffic and parking, and creating a hazard to persons using the parking areas. In its prayer for relief, plaintiff sought a preliminary injunction restraining defendants from further violating the terms of the lease during the pendency of this action. In a subsequently filed motion for a preliminary injunction, plaintiff sought an order compelling defendants to remove snow or slush from the parking areas whenever the snow reached a depth of an inch or more, that removal would be completed by 8:30 a.m. whenever snow reached that depth by 8 a.m., and that when snowfall continued or began after 8 a.m., removal would be repeated or continued until one hour after the closing of plaintiff's store on that day.

Defendants moved to strike plaintiff's motion for preliminary injunction on the grounds that a mandatory injunction could potentially require the continuing supervision of the trial court and that the lease provisions in question are too vague and uncertain to be enforceable. The trial court granted defendants' motion on the basis that the relief sought was beyond the terms of the lease, the court's ongoing and continuous supervision of the snow and ice removal would be required, and that the current winter season was substantially over, rendering the issue moot. The order was granted without prejudice to plaintiff's right to request injunctive relief on an occurrence basis when ice and snow are present in the shopping center. Plaintiff filed this interlocutory appeal of the trial court's order pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307).

OPINION

The issue raised in this appeal is whether the trial court erred in granting defendants' motion to strike plaintiff's motion for a preliminary mandatory injunction. Plaintiff contends that the trial court should have granted specific performance either according to the terms of the lease or, in the alternative, specifying the particular cir-

cumstances when snow removal should be conducted.

On review, the only question before us is whether there was a sufficient showing to sustain the order of the trial court denying the preliminary injunction. *S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 828, 377 N.E.2d 73.

The purpose of a preliminary injunction is to preserve the status quo, not to decide the merits of the case. (*Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882, 886, 414 N.E.2d 21.) A plaintiff is not required to present a case which will entitle him to the relief he seeks but need only raise a fair question as to the existence of the rights claimed, lead the court to believe that he will probably be entitled to the relief sought if the evidence sustains the allegations of the petition, and make it appear advisable that the positions of the parties should stay as they are until the case is considered on the merits. *Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 141, 423 N.E.2d 1253.

The need for a mandatory injunction is subject to judicial skepticism, particularly when the court is asked to make this drastic use of its powers preliminarily. (*Ambassador Foods Corp. v. Montgomery Ward & Co.* (1963), 43 Ill. App. 2d 100, 104-05, 192 N.E.2d 572.) A preliminary mandatory injunction is an extraordinary remedy, not a matter of right, which may be granted only when the need for such relief is clearly established and free from doubt. 43 Ill. App. 2d 100, 104-05, 192 N.E.2d 572.

In order for a preliminary injunction to issue, the plaintiff must show that (1) he has a clear and lawful right for which he seeks protection, (2) he will suffer irreparable harm, (3) there is no adequate remedy at law, and (4) he is likely to be successful on the merits. *Packard Instrument Co. v. Reich* (1980), 89 Ill. App. 3d 908, 915, 412 N.E.2d 617; *Frank B. Hall & Co. v. Payseur* (1979), 78 Ill. App. 3d 230, 236-37, 396 N.E.2d 1246.

We believe that plaintiff has failed to make a sufficient showing of a likelihood of success in a trial on the merits for permanent injunctive relief. An injunction will not be granted to enforce the terms of a contract where the contract is not definite and certain and where its terms are vague and ambiguous. (*Triangle Sign Co. v. Randolph & State Property, Inc.* (1957), 16 Ill. App. 2d 21, 28, 147 N.E.2d 451.) In the instant case, the absence of any specific provisions regarding the timing and manner of snow removal rendered those provisions of this contract vague and uncertain. With respect to those issues, therefore, we find that plaintiff's right to the relief requested was neither clearly established nor free from doubt. In our opinion the trial court was justified in refusing to enter an order for a preliminary manda-

152

tory injunction.

Even if the terms used in the agreement were certain, under these circumstances plaintiff still would not be entitled to specific performance. Our supreme court held in *White v. Lang* (1948), 401 Ill. 219, 81 N.E.2d 897, that specific performance should not be granted when a claimant seeks relief which exceeds the agreement of the parties. Plaintiff here sought a preliminary injunction compelling defendants to remove snow or slush from the parking areas whenever the snow reached a depth of an inch or more, that removal would be completed by 8:30 a.m. whenever snow reached that depth by 8 a.m., and that when snowfall continued or began after 8 a.m., removal would be repeated or continued until one hour after the closing of plaintiff's store on that day. An examination of the lease reveals a total lack of any provision regarding the precise method or manner in which snow removal is to be accomplished. Defendants agreed only to keep the common and parking areas "clear of debris, water, ice and snow and in a clean condition." The trial court's order stated that because the relief plaintiff sought appears to be beyond the scope of the lease, an injunction was inappropriate. We agree that the relief plaintiff requested clearly exceeds the boundaries of the agreement.

It is also apparent that the purpose of a preliminary injunction, the preservation of the status quo, would not be served by denying defendants' motion to strike. Plaintiff's motion did not seek to maintain the status quo, but rather to alter it and to impose additional obligations on the defendants. The status quo which a preliminary injunction works to preserve is " 'the last, actual, peaceable, uncontested status which preceded the pending controversy.' " (*Duval v. Severson* (1973), 15 Ill. App. 3d 634, 641, 304 N.E.2d 747.) Here, the status quo would not be maintained by the entry of the preliminary injunction which plaintiff seeks. It is our opinion, therefore, that plaintiff has not clearly established the need for a preliminary mandatory injunction and that there was a sufficient showing to sustain the order of the trial court denying the relief sought. It is not our intent here, however, to express an opinion regarding the merits of this cause upon a future hearing.

For the foregoing reasons, the order of the trial court granting defendants' motion to strike plaintiff's motion for a preliminary mandatory injunction is affirmed.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.