OPPORTUNITY CENTER OF SOUTHEASTERN ILLINOIS, INC., *et al.*, Plaintiffs-Appellees, v. E. ALLEN BERNARDI, Director of Labor, *et al.*, Defendants-Appellants.

Fifth District   No. 5—86—0004

Opinion filed July 29, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Scott D. Spooner, Assistant Attorney General, of counsel), for appellants.

Jeffrey E. Fleming, of Olney, for appellee Opportunity Center of Southeastern Illinois Inc.

Jeffrey B. Kolb, of Emison, Emison, Doolittle & Kolb, of Vincennes, Indiana, for other appellee.

JUSTICE WELCH delivered the opinion of the court:

The defendants, E. Allen Bernardi, David Hayes and Al Lester, from the Illinois Department of Labor (Department) appeal from an order of the circuit court of Richland County entered on December 12, 1985, granting the plaintiffs', Opportunity Center of Southeastern Illinois, Inc. (Center), and Rose Contracting & Engineering, Inc. (Rose Contracting), petition for preliminary injunction. The order enjoined the Department from conducting any administrative hearings or proceedings concerning the application of section 10 of "an Act regulating wages of laborers, mechanics and other workers employed in any public works, ***" (the Prevailing Wage Act) (Ill. Rev. Stat. 1985, ch. 48, par. 39s—10), upon the remodeling and rehabilitation services contemplated by the agreement between the plaintiffs. On appeal, the Department raises the following issues: (1) whether the trial court abused its discretion when it granted the plaintiffs' motion for additional time to respond to a subpoena following an *ex parte* hearing on December 5, 1985, and (2) whether the trial court abused its discretion in granting the preliminary injunction. We affirm.

On November 26, 1985, the Department issued subpoenas to both plaintiffs. The subpoena to Maxwell of the plaintiff Center requested "copies of your current prevailing wage resolution/ordinance; call for bids for the project, copy of the contract with Rose Contractual Engineering, copy of the contractor's performance bond." The subpoena to Rose of plaintiff Rose Contracting, Inc., requested "[t]he contract with the public body, all time cards, books, payroll records, checkbooks, stubs, cancelled checks and/or any other records showing hours of work, overtime work, hourly wage rates of pay including overtime pay and the names of all employees, their classifications by craft according to work performed." The Department requested all documents relevant to its investigation of the general prevailing rate of hourly wages on the public-works project being done for plaintiff Center by plaintiff Rose Contracting. The Department issued the subpoenas pursuant to its authority under section 10 of the Prevailing Wage Act.

After receipt of the subpoenas, the plaintiffs responded to the subpoenas by filing this suit for declaratory judgment, a preliminary

injunction, additional time to respond to the subpoenas and to quash the subpoenas. In the declaratory judgment, the plaintiffs sought to have the court declare:

"1. Center is not a public body as defined in the Prevailing Wage Act of the State of Illinois.

2. The remodeling and rehabilitation contemplated by the agreement of the plaintiffs is not a public work as defined in the Prevailing Wage Act of the State of Illinois.

3. The subpoenas issued by the Director of Labor be quashed and of no effect."

The plaintiffs also sought to enjoin the Department "from conducting any administrative hearings or proceedings concerning the application of Prevailing Wage Act of the State of Illinois upon the remodeling and rehabilitation services contemplated by the Agreement of Plaintiff." The plaintiffs also requested an extension of time to respond to the subpoenas until the court has ruled on the complaint for declaratory judgment. On December 5, 1985, the court granted the plaintiffs' motion for extension of time to respond to the subpoenas. Notice of hearing on the complaint for declaratory judgment was filed on December 6, 1985. On December 12, 1985, the Attorney General's office filed an entry of appearance and other pleadings on behalf of the Department. On December 12, 1985, the court granted the plaintiffs' request for a preliminary injunction. From this order, the Department proceeded on an interlocutory appeal to this court.

■■ The Department's first issue on appeal is whether the trial court abused its discretion in granting the plaintiffs' motion for additional time to respond to the subpoenas when the record shows that the hearing on the motion was conducted *ex parte* on the day before the summons was issued. First, this court finds that the Department has taken an interlocutory appeal under Supreme Court Rule 307 (87 Ill. 2d R. 307). Under Rule 307, this court may take an appeal from an interlocutory order of the court granting an injunction. However, the rule does not allow an interlocutory appeal on an order granting a motion. Thus, this issue is not appealable.

■■ The Department's next issue on appeal is whether the trial court abused its discretion when it granted the preliminary injunction. Since the issuance of a preliminary injunction is within the sound discretion of the trial court, the sole question before this court on an interlocutory appeal is whether the trial court abused its discretion. (*Best Coin-Op v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 832-33, 458 N.E.2d 998, 1000.) In this case, the trial court's granting of the preliminary injunction was not an abuse

of discretion.

◼◼ ◼ Since a preliminary injunction is an extraordinary remedy which should be granted only pursuant to the utmost care, the court should not issue it unless the need is clear. (*Amber Automobile, Inc. v. Illinois Bell Telephone Co.* (1973), 15 Ill. App. 3d 769, 771, 305 N.E.2d 270, 272.) A preliminary injunction is granted before a hearing of the case on the merits for the purpose of preventing a threatened wrong or any further perpetration of injury in order to preserve the rights of the parties or the subject or object of the controversy in its then existing condition. (*Stasica v. Hannon* (1979), 70 Ill. App. 3d 785, 787, 388 N.E.2d 1110, 1112.) In order for the defendant to prevail in requesting a preliminary injunction, the defendant must show that (1) he has a clear and lawful right for which he seeks protection, (2) he will suffer irreparable harm, (3) there is no adequate remedy at law, and (4) he is likely to be successful on the merits. (*Madigan Brothers, Inc. v. Melrose Shopping Center* (1985), 130 Ill. App. 3d 149, 151, 474 N.E.2d 383, 385; see *Eagle Books, Inc. v. Jones* (1985), 130 Ill. App. 3d 407, 410, 474 N.E.2d 444, 447, *cert. denied* (1985), ____ U.S. ____, 88 L. Ed. 2d 257, 106 S. Ct. 249.) This court finds that the defendant proved by a preponderance of the evidence that a preliminary injunction was proper.

◼◼ ◼ First, this court must look at whether the plaintiff has a clear and lawful right for which he seeks protection. The plaintiff contends that he has a right to "privacy of its records and affairs and freedom from the arbitrary demands of state officials in areas in which they have no statutory authority." This court does not discuss the issue of whether the plaintiffs have a right to privacy in their business records because they did not properly cite any authority for their argument. Under Supreme Court Rule 341(f) (87 Ill. 2d R. 341(f)), the issue is waived on appeal. However, the plaintiffs do have a clear and lawful right to protect themselves from a State agency which allegedly does not have authority over them. Under the Prevailing Wage Act, the State has power over public bodies when issuing subpoenas. (Ill. Rev. Stat. 1985, ch. 48, pars. 39s—2, 39s—10.) Since the plaintiff alleges that it is not a public body, the plaintiff does have a lawful right to protect its records from the Department. We are mindful of the rule that one may not seek judicial relief from administrative action until he has exhausted all administrative remedies available to him, with the proviso that a party need not exhaust administrative remedies when he attacks the constitutionality of a statute. (*People ex rel. Fahner v. American Telephone and Telegraph Co.* (1981), 86 Ill. 2d 479, 487, 427 N.E.2d 1226, 1230; *Phillips v. Graham*

(1981), 86 Ill. 2d 274, 289, 427 N.E.2d 550, 557.) However, the supreme court has allowed exceptions to the exhaustion doctrine where a party ostensibly subject to administrative proceedings seeks relief from a court of equity by attacking a statute or administrative ruling on its face. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548, 370 N.E.2d 223, 227.) The *Bio-Medical Laboratories* case is very similar to this on its facts in that there an administrative agency, the Department of Public Aid, instituted an administrative proceeding to compel the submission of business records to the Department within a stated time. The purpose of requiring the submission was to determine whether or not the respondent was in compliance with administrative regulations and statutes. Such is the case here, and we accordingly have determined that under the authority of the *Bio-Medical Laboratories* case the circuit court had jurisdiction to entertain the suit for injunction.

■ Next, the court must determine whether the plaintiffs will suffer irreparable harm. Irreparable harm does not mean "injury that is beyond repair nor beyond compensation in damages, and rather denotes transgressions of a continuing nature." (*Wilson v. Illinois Benedictine College* (1983), 112 Ill. App. 3d 932, 939, 445 N.E.2d 901, 908.) In this case, this court finds that to allow the defendants to exercise their jurisdiction over a party who allegedly is not subject to their jurisdiction is a sufficient irreparable harm. The plaintiffs need not show substantial economic loss or substantial burden. This court finds that an exercise of an allegedly unauthorized jurisdiction over a party is an irreparable harm. Furthermore, when the plaintiffs challenged the Department's jurisdiction, they did not need to exhaust administrative remedies. *Watts v. Board of Education, School District No. 189* (1984), 125 Ill. App. 3d 532, 541, 466 N.E.2d 311, 317.

■ Next, this court must determine whether there was an adequate remedy at law. The one and only remedy existing under the Prevailing Wage Act, section 39s–10, is to go before the Department and to refuse to produce the subpoenaed documents. However, at that time, the Department can apply to the circuit court to compel obedience by proceedings for contempt. Under such procedures, this court finds that the Department has already determined that the plaintiffs are a "public body" within the Prevailing Wage Act because its jurisdiction is inherent in its power to subpoena public bodies. However, the defendants do suggest that the plaintiffs could have sought a protective order to preserve the confidentiality of their records. If the plaintiffs were to obtain a protective order and then appear before the Department with the documents, it seems as though the plaintiffs

have admitted to being a "public body." Thus, in light of the statute, this court finds that the plaintiffs did not have an adequate remedy at law and properly sought declaratory judgment and preliminary injunction.

Next, this court must determine whether the plaintiffs are likely to be successful on the merits. The plaintiffs are not required to present a case which will entitle them to the relief they seek. The plaintiffs only need to raise a fair question regarding the existence of the rights claimed that leads the court to believe that they will probably be entitled to the relief sought if the evidence sustains the allegations of the petition, and make it appear advisable that the status quo should be maintained. (*Madigan Brothers, Inc. v. Melrose Shopping Center* (1985), 130 Ill. App. 3d 149, 474 N.E.2d 383.) In doing so, the court must consider the allegations of fact in a verified complaint, which are well pleaded and not denied as true. *Stasica v. Hannon* (1979), 70 Ill. App. 3d 785, 388 N.E.2d 1110.

In this case, the plaintiffs alleged in the verified petition for preliminary injunction several facts. The plaintiffs alleged that they were not a public body and the facility for which the plaintiffs contracted for was not a public work. By alleging these facts, the plaintiffs have raised a fair question regarding the existence of the rights claims. If these alleged facts are true, these facts lead the court to believe that they will probably be entitled to the relief sought. Under these allegations, it is advisable to preserve the status quo until the case is considered on its merits at the hearing on the declaratory judgment. In this case, the plaintiffs have presented sufficient facts that entitle them to the relief they seek. To further examine the arguments, a hearing on the merits must be held. Thus, not only did the plaintiffs properly seek a declaratory judgment and a preliminary hearing but also the court did not abuse its discretion when it granted the preliminary injunction.

For the foregoing reasons, the order of the circuit court of Richland County is affirmed.

Affirmed.

KASSERMAN, P.J., and JONES, J., concur.