FERNANDO LUSK, by and through his Next Best Friend, Eddie Lusk, Plaintiff-Appellee, v. TRIAD COMMUNITY UNIT NO. 2, Defendant-Appellant.

Fifth District No. 5—89—0846

Opinion filed February 2, 1990.

Burroughs, Simpson, Hepler, Broom & MacDonald, of Edwardsville (Theodore J. MacDonald, Jr., and David G. Phoenix, of counsel), for appellant.

William C. Evers III, of Collinsville, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

A high school student ought not carry a .357 Magnum pistol, jammed between his waistband and his belly, with a live round of ammunition in his pants pocket while he is in a lunch line in a high school cafeteria. Expulsion of that student is no abuse of discretion. Enjoining that expulsion is.

The Board of Education of Triad Community Unit School District No. 2 found that carrying the gun and ammunition was "gross disobedience or misconduct" under the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 10—22.6(a)) and expelled Fernando Lusk, a football player with a clean discipline record, for the remainder of the 1988-89 school year.

Lusk sought injunctive relief, alleging that the expulsion was arbitrary, unreasonable, capricious or oppressive.

The circuit court of Madison County, relying on the transcript of the Board's hearing, additional exhibits, and memoranda of law and fact submitted by both parties, enjoined the expulsion.

The Board appeals pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307).

We reverse.

■■ In Illinois, a decision to suspend or expel a student will be reversed by a court of review only if it is arbitrary, unreasonable, capricious, or oppressive. *Wilson v. Collinsville Community Unit School District No. 10* (1983), 116 Ill. App. 3d 557, 451 N.E.2d 939.

> "School discipline is an area which courts enter with great hesitation and reluctance—and rightly so. School officials are trained and paid to determine what form of punishment best addresses a particular student's transgressions. They are in a far better position than is a black-robed judge to decide what to do with a disobedient child at school." *Donaldson v. Board of Education* (1981), 98 Ill. App. 3d 438, 439, 424 N.E.2d 737, 738-39.

Applying *Donaldson*'s rationale to this case, we conclude that the circuit court erred in granting Lusk's preliminary injunction.

It is undisputed that Lusk had possessed the gun and ammunition. When caught, he acknowledged not only that he knew that his conduct was against school rules, but also that he knew that it could result in his expulsion.

■■ A gun in school is dangerous. A gun in school sweeps all into harm's way. Carrying a gun in school cannot be endorsed. Carrying a gun in school must be condemned. Expulsion is condemnation, appropriate condemnation. This expulsion is not arbitrary, is not unreasona-

ble, is not capricious or oppressive.

Since the school board did not abuse its discretion, the circuit court did. See *Opportunity Center of Southeastern Illinois, Inc. v. Bernardi* (1986), 145 Ill. App. 3d 899, 496 N.E.2d 340.

The judgment of the circuit court granting Lusk a preliminary injunction is reversed.

Reversed.

HARRISON and GOLDENHERSH, JJ., concur.