ASSOCIATES FOR ORAL SURGERY, LTD., Plaintiff-Appellant, v. ASSOCIATES FOR ORAL AND MAXILLOFACIAL SURGERY, LTD., Defendant-Appellee.

First District (2nd Division)    No. 62130

Opinion filed May 25, 1976.—Rehearing denied July 9, 1976.

Robert E. Wagner, August E. Roehrig, Jr., and Gerald T. Shekleton, all of Stone, Wagner & Aubel, of Chicago, for appellant.

Serpico, Stamos, Novelle, Dvorak, Navigato & Hett, Ltd., of Chicago (Robert A. Novelle and Vincent Benivenga, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Associates for Oral Surgery, Ltd. (hereinafter plaintiff) filed a complaint in the chancery division of the circuit court of Cook County seeking a temporary and permanent injunction enjoining and restraining Associates for Oral and Maxillofacial Surgery, Ltd. (hereinafter defendant) from using the name "Associates for Oral and Maxillofacial Surgery, Ltd." or any colorable imitation thereof, which would confuse persons as to the source of professional dental services provided by these parties. Plaintiff's pretrial motion for a preliminary injunction was denied and plaintiff brings this interlocutory appeal pursuant to Supreme Court Rule 307(a)(1). Ill. Rev. Stat. 1973, ch. 110A, par. 307(a)(1).

The sole issue to be determined on appeal is whether the circuit court abused its discretion in denying plaintiff a preliminary injunction.

Plaintiff's complaint alleged that it has been and continues to be a corporation organized under the laws of Illinois having offices at 4935 W. Irving Park, Chicago, Cook County, Illinois, and 10 North Ridge Avenue, Mount Prospect, Cook County, Illinois, and operating these offices for the services of oral and related dental practice since September 16, 1970. Plaintiff contended great effort and personal sacrifices had been made to establish a professional reputation and the good will which it enjoys under the title "Associates for Oral Surgery, Ltd." Plaintiff complained that on or about July 31, 1974, defendant (an Illinois corporation) began to engage

in providing dental services at 5400 N. Milwaukee Ave., Chicago, Cook County, Illinois under the title "Associates for Oral and Maxillofacial Surgery, Ltd." Plaintiff contended defendant's behavior deprived it of a valuable property right to its own name and reputation; and the adoption by defendant of this name similar to plaintiff's will result in confusion of the public as to the source of dental services rendered by plaintiff. Plaintiff argued this misconduct of defendant amounts to unfair competition and violations of the Uniform Deceptive Trade Practices Act (ch. 121½, par. 312) and the Trade-name Act (ch. 140, pars. 22, 24-25) of the 1973 Illinois Revised Statutes, causing plaintiff irreparable injury and damage for which there is no adequate remedy at law. Therefore plaintiff prayed for a preliminary injunction restraining defendant from the use of any name injuring plaintiff by a confusion of the public as to the source of the professional dental services offered by the parties; and that the injunction be made permanent after a trial on the merits.

Prior to the filing of defendant's answer to this complaint, but after an opportunity of the defendant to take the deposition of Dr. John Giannini, a member doctor of plaintiff corporation, the trial court held a hearing on plaintiff's motion for a preliminary injunction. Dr. Giannini was the only witness to testify at the pretrial hearing on the motion for a preliminary injunction. Dr. Giannini testified that plaintiff corporation has been in existence since 1968; that the corporation's patients are usually obtained through referral by dentists and previous patients; that both the stationery and cards of plaintiff bear the name Associates for Oral Surgery, Ltd.; that plaintiff first became aware of defendant corporation's practicing in the same area under a similar name in November or December of 1974; that defendant's offices were about two or three miles from plaintiff; and that two patients came to plaintiff's office looking for the offices of defendant.

Dr. Giannini testified that his general counsel had investigated the matter and found a charter had been issued to defendant under its present name; that present counsel was hired and began communications with defendant attempting to reach an agreement regarding its name; that no agreement could be reached and the present suit was filed; that one of the member doctors of plaintiff corporation died in November of 1974—about the same time it was discovered defendant was practicing under a corporate name similar to plaintiff's; that he visited defendant's offices, but could not recall seeing any placard or sign designating defendant's corporate name displayed on the building or office door. When shown defendant's referral card, Dr. Giannini admitted the card contained a listing of the individual doctors as well as the corporate title of their association, and on the reverse side there was a map showing the locations of defendant's offices. Dr. Giannini indicated plaintiff's cards also listed the individual member doctors of its association and a map of the location

of plaintiff's offices. In describing actual situations of confusion resulting from defendant's use of its name, Dr. Giannini could not recall any confusion as to billings, mail, or dealings with professional suppliers, laboratories or things of that nature. However, the witness did recount the confusion of the two patients seeking defendant's services who came to plaintiff's offices; in addition the witness acknowledged these patients were treated at plaintiff's offices rather than being directed to defendant. Dr. Giannini acknowledged that there were other dental groups using words similar to plaintiff's in their name—*e.g.*, "Oral Surgery Associates, Limited." The witness also testified maxillofacial surgery was a recognized specialty in the area of dentistry.

Defendant moved for a directed finding arguing plaintiff was not entitled to a preliminary injunction for several reasons. Some of those reasons were: a preliminary injunction (in May 1975) would upset the status quo, since defendant had been practicing under its present name since July 1974 and plaintiff had waited over six months to bring this action; no harm had been shown as a result of defendant's use of its corporate name; plaintiff does not have an exclusive right to the use of generic terms such as associates and oral surgery; and furthermore, defendant's name was not similar to plaintiff's since it included an additional specialty offered by defendant, that of maxillofacial surgery.[1]

In support of a preliminary injunction, plaintiff argued: probable success on the merits had been shown; plaintiff was experiencing irreparable harm to its reputation because of defendant; maintenance of the status quo would require a return to the conditions prior to the time defendant committed the tort of adopting a corporate name confusingly similar to plaintiff's name; and the equities of the situation were with plaintiff.

In announcing its decision, the trial court stated there had been no testimony to show plaintiff suffered any loss; in fact, the testimony showed plaintiff had benefited by the confusion of two of defendant's potential patients. The trial court's order denied plaintiff's request for a preliminary injunction and allowed defendant 30 days to file an answer to plaintiff's complaint. Plaintiff's appeal followed.

I.

■■ The sole issue before this court is whether the circuit court abused its discretion in failing to grant plaintiff's request for a preliminary injunction pending a full trial on the merits. Circuit courts under Illinois law have the power to grant preliminary injunctions (Ill. Rev. Stat. 1973, ch. 69, par. 1 *et seq.),* but they should only be allowed where there is a

---

[1] The record contains no definition of the term "maxillofacial surgery." The parties stipulated that "maxillofacial is a recognized specialty" in the practice of dentistry.

probability of success on the merits and a need to preserve the status quo in order to prevent irreparable injury for which there is no adequate remedy at law. *(Amber Automotive, Inc. v. Illinois Bell Telephone Co.* (1st Dist. 1973), 15 Ill. App. 3d 769, 770, 305 N.E.2d 270.) The grant or denial of preliminary injunction rests in the sound discretion of the trial court, and the inquiry on review in this court is limited to whether the trial judge abused his discretion. See *Armour & Co. v. United American Food Processors, Inc.* (1st Dist. 1976), 37 Ill. App. 3d 132, 345 N.E.2d 795; *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1st Dist. 1973), 14 Ill. App. 3d 348, 352, 302 N.E.2d 394.

■■ Thus we must first determine whether the trial court abused its discretion in determining that plaintiff had not made a case for the allowance of a preliminary injunction. Contrary to the statement made by the court at the conclusion of the hearing on the preliminary injunction, the failure of plaintiff to show an actual loss is not dispositive of the issue of whether a preliminary injunction was appropriate. While the trial court cited the failure to prove an actual loss as a ground for its ruling, there was no reason given in the written order denying the preliminary injunction. The question before this court is not whether the reason cited by the court was proper *(cf. Waldron v. Waldron* (5th Dist. 1973), 13 Ill. App. 3d 964, 968, 301 N.E.2d 167), but rather, based on the entire record before this court, whether the trial court abused its discretion in denying plaintiff's request for a preliminary injunction. (2 Ill. L. & Pr. *Appeal and Error* §633 (1953).) As our supreme court has often said: "If the decree is right it must be sustained." See *City of Kankakee v. Small* (1925), 317 Ill. 55, 64, 147 N.E. 404; *Troup v. Hunter* (1921), 300 Ill. 110, 112, 133 N.E. 56.

■■ Here plaintiff had the burden of establishing a likelihood of success on the merits and a need to preserve the status quo—the last actual peaceable, uncontested status which preceded the controversy—in order to prevent irreparable injury for which there is no adequate remedy at law. *Armour & Co. v. United American Food Processors, Inc.,* 37 Ill. App. 3d 132, 135-36.

First we will consider whether plaintiff established a likelihood or probability of success on the merits. Plaintiff contends there is no need to show actual confusion or misunderstanding to secure an injunction enjoining defendant from using a confusingly similar trade name, but it must only prove a likelihood of injury to its business reputation, or a likelihood of confusion or misunderstanding. (Ill. Rev. Stat. 1973, ch. 140, par. 22; ch. 121½, par. 312; *Edgewater Beach Apartments Corp. v. Edgewater Beach Management Co.* (1st Dist. 1973), 12 Ill. App. 3d 526, 531, 299 N.E.2d 548.) Plaintiff contends the similarity of the words used by both plaintiff and defendant in their names is sufficient to raise a likelihood of confusion.

*Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc.* (1st Dist. 1943), 317 Ill. App. 451, 46 N.E.2d 165 (cited by plaintiff), unlike the case at bar, involved an appeal from an order granting a permanent injunction after a full trial on the merits. In affirming the permanent injunction in *Lady Esther*, this court referred to the fact the name "Lady Esther" had become identified with plaintiff's product. Although the parties in *Lady Esther* were not competitors, the court held the public might be confused and deceived into believing there was a relationship between the parties if defendant was allowed to continue to use the title "Lady Esther" which had come to be identified with plaintiff's sponsorship. In the case at bar, plaintiff argues the public will be deceived if defendant is allowed to use a name similar to plaintiff's. However, plaintiff has presented no evidence to show the title "Associates for Oral Surgery, Ltd." has become identified with plaintiff's services. In addition, the name "Lady Esther" was a distinctive title chosen by plaintiff to represent its product. The title "Associates for Oral Surgery, Ltd.," while chosen by plaintiff to represent its services, is not distinctive, but rather is composed of descriptive and generic terms which could be used to describe any group of individuals practicing dentistry in the specialty area of oral surgery.

Plaintiff also relies on *Edgewater Beach,* which affirmed a trial court's granting of a preliminary injunction where the evidence presented clearly established plaintiff's use of the term "Edgewater Beach" was not a descriptive phrase for a geographical area, but rather one arbitrarily adopted by plaintiff and deserving of protection. The term "associate" means a partner, a colleague. "Oral surgery" is a term used to describe surgery which is associated with the teeth, jaws, and mouth structures (see Webster's Third New International Dictionary), and "Ltd." is merely a way of indicating one has a corporate status. Unlike the term "Edgewater Beach," the name chosen by plaintiff does not have a distinctive quality, but rather it is composed of descriptive and generic words for which plaintiff may not seek protection unless it can show that these words have come to be identified with plaintiff's services. (*Cf. Mars, Inc. v. Curtiss Candy Co.* (1st Dist. 1972), 8 Ill.App. 3d 338, 342, 290 N.E.2d 701.) As pointed out in *Polaroid Corp. v. Polaraid, Inc.* (7th Cir. 1963), 319 F.2d 830, 837, where a word is not a coined or invented word, but one firmly established in the English vocabulary—an already diluted name—that term is not entitled to the same protection as that afforded to a strongly coined name such as "Kodak" or "Polaroid."

*Associated Refuse Disposal Corp. v. Associated Disposal Contractors, Inc.* (1st Dist. 1971), 132 Ill. App. 2d 748, 270 N.E.2d 458, is cited by plaintiff as a case similar to the case at bar. However, *Associated* involved a review of a refusal to grant a permanent injunction after a full trial on the merits. The case at bar involves a preliminary injunction.

In *Associated,* the record established a long history of the use of the term "Associated" by plaintiff, and its reputation for quality service and reliability in the community where it did business. Furthermore, the record established plaintiff's customers and tradespeople of that community identified plaintiff by the term "Associated." This court reversed the denial of a permanent injunction to enjoin defendant from using a generic term similar to those used in plaintiff's name because the facts presented at trial established:

> "In the instant case the word 'Associated' in plaintiff's name has come to be understood by its public as identifying plaintiff's particular business * * *. We believe that plaintiff's name, by its long and extensive use in the trade, has assumed a secondary meaning since it identifies plaintiff in substantially the same area in which both plaintiff and defendant are engaged in the same service of refuse disposal." (132 Ill. App. 2d 748, 750-51.)

In *Associated,* we pointed out that defendant's name would cause a likelihood of confusion to the public and tradespeople who employ these parties. In the case at bar plaintiff presented no evidence at the hearing on the preliminary injunction to establish that plaintiff's use of the terms "Associates for Oral Surgery, Ltd." had assumed a secondary meaning, or would cause a likelihood of confusion of the location of its offices. Absent such a showing, we cannot hold plaintiff has an exclusive right to the use of these descriptive, generic terms.

■■ It is clear the name, "Associates for Oral Surgery, Ltd." was not a coined name, but rather a combination of generic terms selected by plaintiff to describe itself. While plaintiff may be entitled to protection of its name if a secondary meaning is established, no evidence was presented at the hearing on the motion for a preliminary injunction to support that theory. Absent such evidence, it is not probable or likely plaintiff will succeed on the merits of the case. Therefore, the trial court did not abuse its discretion in denying plaintiff's request for a preliminary injunction.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

HAYES and SIMON, JJ., concur.