MANUEL ALANIS, Plaintiff-Appellee, *v.* FAIRWAY FORD, Defendant.—(THE NATIONAL BOULEVARD BANK OF CHICAGO, Defendant-Appellant.)

First District (4th Division)    No. 80-1472

Opinion filed September 30, 1980.

Wildman, Harrold, Allen & Dixon, of Chicago (Robert E. Kehoe, Jr., and Ann C. Petersen, of counsel), for appellant.

Alan A. Alop and Debra L. Raskin, both of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:
This is an interlocutory appeal from an injunction requiring the

National Boulevard Bank of Chicago (Bank) to preserve certain business records which were set for disposal.

The issue for review is whether the trial court erred in entering the injunction prohibiting the destruction of certain bank records.

We affirm.

Plaintiff, Manuel Alanis, initiated a class action suit against the Bank and Fairway Ford, alleging violations of State and Federal consumer protection laws, such violations arising out of the sale and financing of automobiles by defendants. Plaintiff amended the complaint on two occasions. The second amended complaint alleged in count I a class claim predicated upon the Truth in Lending Act (15 U.S.C. §1601 *et seq* (1976); 12 C.F.R. §226.1 *et seq.*), and in count II an individual action under the Illinois Consumer Fraud Act (Ill. Rev. Stat. 1979, ch. 121½, par. 261 *et seq.*).

On April 1, 1980, plaintiff moved for an injunction to enjoin the Bank from destroying any records concerning automobile sales and financing transactions by defendants after August 24, 1977. An injunction was entered on April 21, 1980, enjoining the Bank from destroying said records. The Bank filed this interlocutory appeal.

The Bank contends the trial court erred in granting plaintiff's injunction. It states it was improper to grant the injunction because the bank files related only to transactions for which the 1-year statute of limitations has expired.

■■ We first must resolve the dispute between the parties regarding the type of injunction that was issued. The plaintiff contends the trial court entered a preliminary injunction, and the Bank contends it was a permanent injunction. From our reading of the record, we find the trial court entered a preliminary injunction on April 21, 1980. Although it is not clear from the order entered on that date, the transcript of the proceedings stated that the motion for a preliminary injunction would be granted. This is an obvious showing of the court's intent to enter a preliminary injunction.

The decision to grant or deny a preliminary injunction rests within the sound discretion of the trial court and appellate review is restricted to a determination of whether the trial court correctly exercised its broad discretionary powers. *Central Building & Cleaning Co. v. Vodnansky* (1980), 84 Ill. App. 3d 586, 588, 406 N.E.2d 32, 33.

> "For a preliminary injunction to issue, the party seeking the injunction must establish: (1) possession of a right which needs protection; (2) immediate and irreparable injury if the preliminary injunction is denied; (3) lack of an adequate remedy at law; and (4) probability of his ultimate success on the merits." *Image Supplies, Inc. v. Hilmert* (1979), 71 Ill. App. 3d 710, 712, 390 N.E.2d 68, 70.

■■ First, in considering whether the plaintiff has a right which needs protection, the Bank asserts that plaintiff's class claims are barred by the statute of limitations and the preservation of all the relevant bank records after August 24, 1977, is unnecessary. Defendant states that the statute of limitations defense is necessary to resolve on appeal because it goes to the issuance of the injunction. We do not agree with defendant in light of its own statement that the trial court considered the limitations defense in conjunction with the injunction proceedings and rejected it. Since the trial court considered the statute of limitations issue and found that an injunction should be granted, it is not necessary for us to review that issue, absent a showing of an abuse of that court's discretion.

Additionally, the trial court found that there would be irreparable injury and no adequate remedy at law if the injunction were denied.

The court heard evidence from both sides regarding the bank records. Plaintiff's attorney stated that the Bank had the records, and the documents contained within those records were necessary to prove his case on behalf of plaintiff's class, if plaintiff's class were certified. The Bank's attorney stated that the purchaser of the automobile is provided with copies of the documents and, further, the Bank could not represent that it had all of the necessary documents plaintiff requested.

■■ It is well settled that an applicant for a preliminary injunction need not make out a case which will entitle him to the ultimate relief he seeks but need only raise a fair question as to the existence of the right claimed. It is advisable that the position of the parties should remain the same until the court has the opportunity to consider the case on its merits. *Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 456-57, 343 N.E.2d 695, 699.

As we have stated, the trial court has broad discretionary powers in granting a preliminary injunction, and it will not be overturned absent a clear showing of abuse of that discretion.

■■ We must conclude, based on the application of these principles, that the preliminary injunction order was properly granted and the court acted within its discretionary powers ordering the injunction.

Based on the foregoing, we affirm the order of the circuit court of Cook County and remand for a hearing on the merits.

Judgment affirmed and remanded.

LINN, P. J., and JIGANTI, J., concur.