THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* BURTON STERN *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-834

Opinion filed May 8, 1981.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Wayne T. Oesterlin, Assistant Corporation Counsel, of counsel), for appellant.

Patrick A. Tuite and David S. Mejia, both of Law Offices of Patrick A. Tuite, Ltd., of Chicago, for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

The sole issue presented on this appeal is whether the trial court abused its discretion in denying plaintiff's request for injunctive relief.

Plaintiff's complaint alleged in pertinent part that defendants—16 named individuals doing business as the Candy Club, a not-for-profit corporation and "their agents, employees and other unknown owners"— were committing a continuing public nuisance in the operation of their business located on North Wabash Avenue in Chicago. It is alleged that defendants Burton Stern, Ernest Sroor, and Frank Mihalopoulus were the owners, incorporators and operators of the Candy Club; that defendant Cecil Severini was employed as manager and clerk; and that the remaining defendants were employees. It was also alleged that defendants provided "exotic dances" and "blatantly sexual stimulation upon payment of money"; and that this conduct "is deleterious and a menace to the health, safety or general welfare of the community and constitutes a public nuisance."

A temporary restraining order was issued enjoining defendants from doing business at the address stated, following which defendants filed an amended answer denying the allegations set forth above.

At trial, there was testimony from six police officers who had visited the Candy Club on various occasions in 1978 and early 1979. Some of the officers testified to nude dancing at the club and each stated that he had

an individual encounter with one of the female defendants, who either fondled his genitals or offered sex for a price. As a result of these encounters, defendants Rex, Brown, Morales, Arms, Raymond, Capucine, Fischer, Summers, and Ostergard were arrested and charged with prostitution or indecency. Defendant Severini, who was working in the club during the visit of one of the officers, was arrested for the offense of keeper of a house of prostitution but was found not guilty.

At the close of plaintiff's case, the court dismissed the action as to defendants Knight, Mossos and Mihalopoulus for want of proof. The defense then presented only two witnesses—Capucine and Fischer—both of whom denied the testimony of the police officers of the conduct attributed to them. The trial court refused the relief requested by plaintiff, and this appeal followed.

OPINION

■■ An injunction is an exceptional remedy which is not granted as a matter of course, but with great caution and only when the plaintiff's right thereto is clearly established. (*Scott & Fetzer Co. v. Khan* (1979), 74 Ill. App. 3d 400, 393 N.E.2d 102; *Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 388 N.E.2d 438.) The decision to grant or deny an injunction rests within the sound discretion of the trial court (*Alanis v. Fairway Ford* (1980), 89 Ill. App. 3d 458, 411 N.E.2d 1045; *Image Supplies, Inc. v. Hilmert* (1979), 71 Ill. App. 3d 710, 390 N.E.2d 68), and thus, the sole question for review here is whether there was an abuse of discretion in the denial of relief (*Roche Bros. v. Garrigan* (1980), 88 Ill. App. 3d 107, 410 N.E.2d 338; *Central Building & Cleaning Co. v. Vodnansky* (1980), 84 Ill. App. 3d 586, 406 N.E.2d 32).

■■ Initially, we note that an injunction abating a common law public nuisance runs to the place of the nuisance rather than to the objectionable conduct occurring on the premises. (*Toushin v. City of Chicago* (1974), 23 Ill. App. 3d 797, 320 N.E.2d 202.) This court, in *People ex rel. Barrett v. Fritz* (1942), 316 Ill. App. 217, 226, 45 N.E.2d 48, 53, stated:

> "It is only when * * * crimes are carried on in a manner that makes the place of their activity a nuisance that equity intervenes. In the cases of the above bawdy houses the injunctions run only to the premises. They do not mean that the inmates may not carry on their practices in other places. It is the place of the nuisance which is enjoined."

It is thus axiomatic that, as a threshold matter, the liability of those exercising control over the place of the nuisance—the owners or operators of the business on the premises—must be established to justify the imposition of an injunction enjoining the complained-of activity.

■■ In the instant case, it is alleged in plaintiff's complaint that defendants

Stern, Sroor, and Mihalopoulus were owners, incorporators, and operators of the "Candy Club, a not-for-profit corporation." However, these allegations were denied in defendants' answer, and plaintiff presented no evidence whatsoever as to ownership, operation, or control of the premises. Although this action was commenced in August 1979 and plaintiff was informed in defendants' second amended answer filed October 2, 1979, that the Candy Club was "a not-for-profit organization chartered under the laws of the State of Illinois," plaintiff did not amend its complaint to include the corporation as a party defendant. In the absence of proof of ownership, operation, or control of the premises by any defendant, the trial court properly found that equity could not intervene to abate the alleged nuisance existing on the premises.

■■ As to the trial court's refusal to issue injunctions against the individual defendants, we note that the party seeking injunctive relief must establish by a preponderance of the evidence, *inter alia*, the possession of a clear and ascertainable right which needs protection and the absence of an adequate remedy at law. *Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882, 414 N.E.2d 21; *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 377 N.E.2d 1125.

In the instant case, no evidence was presented which demonstrated wrongful or illegal conduct on the part of defendants Stern, Sroor, Mihalopoulus, Mossos, or Knight. Moreover, the proof showed that defendant Severini was found not guilty of one charge, and that the other charge against him was dropped as were the charges against defendant Stello. The evidence also established that the arrests of defendants Ostergard, Raymond, Fischer, and Capucine had not resulted in convictions at the time of trial. Inasmuch as the record reflects no guilt on the part of these 11 defendants of any offense against the community, there was no showing of a clear or ascertainable right of the general public needing protection and thus no ground for equitable relief against these parties.

As to other defendants, we note that the plaintiff's evidence showed that Brown and Morales were each convicted of the one offense of prostitution and that Rex, Arms, and Summers were each arrested on the one occasion and forfeited their bonds. In the light of the absence of further illicit activity on the part of these defendants and the well established rule that equity generally will not enjoin the commission of crimes in the future (*Stead v. Fortner* (1912), 255 Ill. 468, 99 N.E. 680; *City of Chicago v. Larson* (1961), 31 Ill. App. 2d 450, 176 N.E.2d 675), it appears clear that the trial court did not abuse its discretion by finding that the criminal laws were sufficiently effective in deterring similar conduct of these parties, thereby affording plaintiff an adequate legal remedy.

For the above stated reasons, we find no abuse of discretion and affirm the judgment of the trial court.

Affirmed.

LORENZ and MEJDA, JJ., concur.