AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Plaintiffs-Appellants, v. CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—3044

Opinion filed July 11, 1985.

Robert Blecher and Leon Zelechowski, both of Boorstein, Freed, Zelechowski & Cohn, and Robert E. McAuliffe, both of Chicago, for appellants.

Marvin F. Metge and Brian J. Mulhern, both of Gorham, Metge, Bowman & Hourigan, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

American National Bank & Trust Company of Chicago (American National), as trustee of a certain land trust, and Burlington Coat Factory Warehouse of Cicero, Inc. (Burlington) (hereinafter collectively referred to as Burlington), appeal from the interlocutory order of the Cook County circuit court that denied Burlington's motion for a preliminary injunction against Chicago Title and Trust Company (Chicago Title), as trustee under a certain land trust,[1] and Century Tile and Supply Company (Century Tile). Burlington's motion sought to assert its alleged easement right to use of Century Tile's contiguous parking area by Burlington's employees and customers, which right Burlington claimed pursuant to an easement agreement between American National and Chicago Title. Burlington advances the following issues for our review: (1) whether the trial court committed reversible error in refusing to order that Century Tile remove concrete barriers erected by Century Tile in order to preclude use of Century Tile's parking areas by the employees and customers of Burlington, and (2) whether the trial court committed reversible error in refusing to permit Burlington to present extrinsic evidence to interpret the provisions of the easement agreement.

We affirm.

Burlington filed its complaint for injunctive relief against Chicago Title and Century Tile on November 5, 1984. In this pleading, Burlington alleged in pertinent part that American National and Chicago Title were legal titleholders of contiguous parcels of real property in the 8100 south block of Cicero Avenue in Chicago. Burlington further stated that on July 19, 1982, American National and Chicago Title entered into an agreement that provided for reciprocal easement rights for ingress, egress, and use of the parties' parking areas by the parties and their respective business invitees and licensees. Burlington included a copy of the agreement as an attachment to its pleading.

Burlington alleged that it was a tenant of a substantial portion of

---

[1]Chicago Title was dismissed as a party to this appeal pursuant to order of this court subsequent to Burlington's filing of a notice of appeal herein. Century Tile's motion for such dismissal, supported by affidavit of an officer of Chicago Title, established that the trial court dismissed Chicago Title as a party because it was shown that Chicago Title was no longer titleholder at the time Burlington filed its petition before the trial court.

the premises of which American National was legal titleholder pursuant to a lease agreement with Gilbert Home Furnishings, Inc. (Gilbert), dated July 24, 1984. Burlington stated that Gilbert had leased the premises from American National pursuant to lease agreement dated December 14, 1982.

Burlington further stated that under its lease agreement with Gilbert, Burlington was granted the nonexclusive right to use all of the common areas of the premises, including its customer parking areas and driveways, and the right to enjoy and benefit from the reciprocal easements granted by the easement agreement. Burlington included copies of the "relevant pages" of the lease agreement between it and Gilbert as attachments to its pleading.

Burlington claimed that on November 1, 1984, Chicago Title and Century Tile caused a cinder-block barrier to be installed on the premises such that it blocked the principal driveway between the parking areas of the two stores and thereby eliminated free and unimpeded ingress and egress between them, obstructed traffic, and created a hazard to persons who lawfully entered, used, and exited the parking areas. Burlington alleged that the barriers were caused to be erected by Century Tile. Burlington contended that this conduct violated the terms of the easement agreement. Specifically, it alleged that paragraph 1 of the agreement provided reciprocal easements in that it stated:

> "1. RECIPROCAL EASEMENTS. Each of [American National] and [Chicago Title] hereby grants to the other and their respective business invitees the right to use for parking, for continuous periods of not to exceed two (2) hours, of automobiles and other vehicles used for transporting persons over streets and highways, without charge, the parking areas located on each party's parcel of real estate as described above, as such parking areas are designed on [attached exhibits] hereto, and further, the right to use all entrances, exits, driveways and pedestrian walkways located on each parcel for ingress to and egress from each such parcel."

Burlington further claimed that the erection of the barrier contravened paragraph 2 of the agreement, which stated:

> "2. MAINTENANCE OF EASEMENT AREAS. Each of [American National] and [Chicago Title] shall maintain and keep in good repair the parking areas, entrances, exits, driveways and pedestrian walkways situated on its parcel of real estate as described above and shall keep such areas stripped and free of snow, ice, rubbish, and except as otherwise provided in para-

graph 4 below, free of obstructions of every nature, and shall maintain adequate drainage and lighting on and for said areas on their respective parcel. Except as otherwise provided in paragraph 4 below, the location and delineation of parking spaces, driveways and pedestrian walkways on each of the parcels shall remain substantially the same or comparable to that depicted on [attached exhibits]."

Burlington alleged in addition that paragraph 8 of the agreement provided that its terms would inure to the benefit of successors and assigns and that paragraph 7B of the agreement stated that upon breach of the agreement, the other party was entitled to injunctive relief to remedy that breach.

Based upon these allegations, Burlington requested orders that would temporarily, preliminarily, and permanently enjoin Century Tile and their agents, servants, or employees from constructing a barrier or otherwise obstructing the designated areas.

Century Tile's answer to the complaint denied in material substance most of the allegations of Burlington's pleadings, although Century Tile admitted that it had erected the barriers on October 31, 1984.

As affirmative matter, Century Tile stated that the easement agreement granted reciprocal parking, ingress, and egress only when the contiguous property was used in connection with the operation of the businesses of selling and servicing of home and other similar furnishings and fixtures. Century Tile claimed that because Burlington was not engaged in such commercial activity, the agreement had no applicability to Burlington.

Century Tile further interposed the following affirmative defenses, each in the alternative: (1) Burlington overused the parking areas of Century Tile, in contravention of the agreement; (2) Burlington's employees, agents and customers used the parking areas in excess of two hours, in contravention of the agreement; (3) Burlington's overuse caused a substantial change in circumstances such that there was no longer reciprocity in the parties' use of the premises, thereby causing a failure of consideration.

Thereafter, Burlington filed its motion for a preliminary injunction and other relief. Based upon the parties' written and oral argument and a hearing upon the matter, the trial court denied the motion on November 14, 1984.

Burlington's interlocutory appeal to this court pursuant to Rule 307(a) of the Illinois Supreme Court (87 Ill. 2d R. 307(a)) was timely filed. Burlington seeks reversal of the trial court's order and remand-

ment with instructions that the trial court enter an order preliminarily enjoining Century Tile from continuing to erect any barriers to limit or prohibit access to its parking area by employees and customers of Burlington.

■■ Burlington first argues that it is entitled to the entry of preliminary injunctive relief to protect its property rights in the adjacent parking areas. Specifically, it claims that Century Tile's placement of the barriers violated the terms of the easement agreement; that Century Tile's manner of such placement was a violation of the agreement since no advance notice was given to Burlington that such action was to be taken by Century Tile; and that Burlington properly claimed an easement right in Century Tile's adjacent parking facilities by virtue of the easement agreement.

Of central importance to these contentions is an interpretation of the easement agreement itself. In this regard, the parties dispute whether the agreement was applicable only when the two contiguous properties were used for the purposes of selling home furnishings and fixtures. Thus, Burlington and Century Tile disagree on the question of whether the recital of the agreement, which stated in pertinent part that "[American National] and [Chicago Title] desire to have their respective parcels of real estate developed and operated principally for the businesses of selling and servicing of home and other furnishings and fixtures and, in connection therewith to grant reciprocal rights for the ingress, egress and use of each of their parcels by the other and to restrict certain of their respective commercial activities ***," became an operative part of the agreement itself by virtue of language in the contract that it was entered into "[f]or and in consideration of the premises set forth in the foregoing Recitals ***."

The trial court found in relevant part in its written order "that the Agreement as a matter of law was intended to be operative only in the event the occupants of the two separately owned parcels were principally operating the businesses of selling and servicing home and other furnishings and fixtures ***."

A party who seeks a preliminary injunction must show (1) a clear, protectible right of that party; (2) an irreparable injury to this right if the injunction does not issue; (3) an inadequate legal remedy to repair injury to the right; and (4) likelihood of success on the merits of the party's claim to protect the right. (*Houseknecht v. Zagel* (1983), 112 Ill. App. 3d 284, 291-92, 445 N.E.2d 402.) The function of an appellate court upon review of a trial court's granting or denial of such relief is restricted solely to the issue of whether the trial court correctly exercised its broad discretionary powers; a reviewing court may con-

sider substantive issues only so far as necessary to determine whether the trial court acted within the parameters of its authority. (*Hayden's Sport Center, Inc. v. Johnson* (1982), 109 Ill. App. 3d 1140, 1144-45, 441 N.E.2d 927; *Dolan v. United Cable Television Corp.* (1981), 96 Ill. App. 3d 734, 737-38, 422 N.E.2d 15; *Roche Bros. v. Garrigan* (1980), 88 Ill. App. 3d 107, 110, 410 N.E.2d 338.) In any event, the appellate court may not decide controverted questions of fact or the merits of the cause under such circumstances. (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 500, 422 N.E.2d 1166; *Alexander v. Standard Oil* (1977), 53 Ill. App. 3d 690, 698-99, 368 N.E.2d 1010.) Thus, a court of review will not reverse the judgment of the trial court unless such was clearly an abuse of discretion as being against the manifest weight of the evidence. *SSA Foods, Inc. v. Giannotti* (1982), 105 Ill. App. 3d 424, 429, 434 N.E.2d 460; *Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 761, 424 N.E.2d 719; *Stasica v. Hannon* (1979), 70 Ill. App. 3d 785, 787, 388 N.E.2d 1110.

■ Based upon this standard of review and our consideration of the record before us, we cannot say that the trial court's order here amounted to an abuse of discretion. At this juncture, it would appear that the easement agreement was intended to apply only where the adjacent properties were used for the sale of home furnishings and fixtures. (See *Wall v. Chicago Park District* (1941), 378 Ill. 81, 92, 37 N.E.2d 752; *Illinois Housing Development Authority v. M-Z Construction Corp.* (1982), 110 Ill. App. 3d 129, 144-45, 441 N.E.2d 1179.) As a result, since Burlington was not engaged in such a business enterprise, it would appear that Burlington had no clear, protectible easement right pursuant to the agreement, and thus had little likelihood of success on the merits of its claim. Consequently, we find no basis to disturb the trial court's judgment.

Because of the conclusions stated above, we need not address Burlington's second argument for reversal of the trial court's order.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.