FILED

December 4 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 309

JOHN STOWERS,

       Plaintiff and Appellant,

   v.

COMMUNITY MEDICAL CENTER, INC.,

       Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-05-034
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Peter Michael Meloy and Robin A. Meguire, Meloy Law Firm, Helena, Montana

      For Appellee:

          William J. Gregoire and Robert J. Vermillion, Smith, Walsh, Clarke & Gregoire, Great Falls, Montana

Submitted on Briefs: January 24, 2007

Decided: December 4, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1	Plaintiff John Stowers (Stowers) appeals an order from the Fourth Judicial District Court, Missoula County, granting Community Medical Center's (CMC) motion for summary judgment. We affirm.

¶2	We restate the issue on appeal: Did the District Court err in granting summary judgment to Community Medical Center because Stowers' employment was for a specified term under a written contract?

## BACKGROUND

¶3	Stowers is a medical doctor, specializing in emergency care. He entered into an employment agreement (Employment Agreement or Agreement) with CMC which provided that Stowers was to be employed for one year, from January 1, 2000, to December 31, 2000. The Agreement also provided that it could be extended or renewed by a mutual agreement in writing.

¶4	For more than two years beyond its expiration date the parties did not extend the Employment Agreement in writing. Nevertheless, Stowers continued to work for CMC.

¶5	On July 1, 2003, Stowers and CMC executed an "Addendum to Employment Agreement" (Addendum). After setting forth the parties, the Addendum states:

> WHEREAS, the Medical Center and Physician entered into an Employment Agreement with an effective date of January 1, 2000 ("Employment Agreement") a copy of which is attached as Exhibit "A"; and
>
> WHEREAS, the parties have orally extended that Employment Agreement; and
>
> WHEREAS, the Employment Agreement currently has an expiration date of midnight January 31, 2004; and

2

WHEREAS, the parties wish to amend the Employment Agreement by modifying the compensation and benefits provisions.

NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants and agreements set forth herein and in the Employment Agreement the parties hereto agree as follows: . . . .

¶6 Thereafter the Addendum set forth changes to the original Employment Agreement. The Addendum concluded by stating:

Except as modified herein, all of the other terms and conditions of the Employment Agreement shall remain in full force and effect and are hereby ratified by the parties hereto.

¶7 Stowers continued working at CMC for several months until, on January 27, 2004, he received a letter from CMC terminating his employment effective January 31, 2004.

¶8 Stowers' complaint alleges that his termination violated Montana's Wrongful Discharge from Employment Act (WDEA). CMC moved for summary judgment, arguing that because the Addendum provided for a specific term of employment, Stowers had no claim under the WDEA.

¶9 The District Court granted CMC's motion for summary judgment, holding that the Addendum ratified the original Employment Agreement which was for a specific term of employment, that the term of employment expired, and thus Stowers had no claim under the WDEA. Stowers appealed.

STANDARD OF REVIEW

¶10 Our review of a district court's grant of summary judgment is de novo and we apply the same evaluation as the district court under M. R. Civ. P. 56(c). *N. 93*

*Neighbors, Inc. v. Bd. of Co. Commr.*, 2006 MT 132, ¶ 17, 332 Mont. 327, ¶ 17, 137 P.3d 557, ¶ 17.

## DISCUSSION

¶11 Stowers concedes that the original Employment Agreement was for a specific term. However, he argues that the original Agreement expired, was not renewed, and the District Court erred in holding that the Addendum was a ratification of that Agreement. Thus, he posits that his employment was not for a specific term. Stowers goes on to argue that since the expiration date for his employment was in the Addendum's recitals, and recitals are not operative terms of a contract, his employment was not for a specific term.

¶12 Stowers also argues that because he failed to read the Addendum before signing, he should not be held to its terms. However, it is well established in Montana that one who executes a written contract is presumed to know the contract's contents. *See Gliko v. Permann*, 2006 MT 30, ¶ 35, 331 Mont. 112, ¶ 35, 130 P.3d 155, ¶ 35 (citation omitted). Thus, this argument is without merit.

¶13 In Montana, a claim for relief which is predicated on discharge from employment is barred if the employment is for a specific term under a written contract of employment and that term has expired. Sections 39-2-912(2), 39-12-913, MCA; *Basta v. Crago, Inc.*, 280 Mont. 408, 413, 930 P.2d 78, 81 (1996). Thus, if the Addendum does constitute a contract for a specific term of employment, the District Court's grant of summary judgment to CMC must be affirmed.

¶14 The District Court is correct that the Addendum constitutes a ratification of the original Employment Agreement which provided for a specific term of employment. Ratification is defined as the confirmation of a previous act done by the party himself and it necessarily supposes knowledge of the thing ratified. *Koerner v. N. Pac. Ry. Co.*, 56 Mont. 511, 520, 186 P. 337, 340 (1919) (citations omitted). "Generally, contract ratification is the adoption of a previously formed contract, notwithstanding a quality that rendered it relatively void. By the ratification the party affirming it becomes bound by it and is also entitled to all the property benefits from it." *Wyman v. Wyman*, 208 Mont. 57, 64, 676 P.2d 181, 184-85 (1984) (citing *Shaqun v. Scott Mfg. Co.*, 162 F. 209, 219 (8th Cir. 1908)). Subsequent recognition of a contract is the equivalent of ratification. *Wyman*, 208 Mont. at 64, 676 P.2d at 185.

¶15 Stowers claims on appeal, and the dissent agrees, that CMC never argued in the District Court that the original Employment Agreement was ratified. However, CMC's District Court brief in support of its motion for summary judgment argued that the Addendum constituted a contract for a specific term, and in support of this argument CMC attached the original Employment Agreement, as well as the Addendum. As noted above at ¶ 6, the Addendum specifically states that it ratified the original Employment Agreement. In Stowers' District Court brief opposing summary judgment, he specifically states the Addendum "did not resurrect" the original Employment Agreement. In response to that argument, CMC's reply brief to the District Court argued that the original Employment Agreement had been ratified. The District Court also held oral argument on CMC's summary judgment motion. Although Stowers has not provided this

5

Court with a transcript of the oral argument, ratification may also have been argued to the District Court at this hearing. Ratification of the original Employment Agreement was a theory which was presented to the District Court and its adoption should not have been a surprise to Stowers.

¶16 The Addendum specifically says, "Except as modified herein, all of the other terms and conditions of the Employment Agreement shall remain in full force and effect and are hereby ratified by the parties hereto." The Addendum also contains the wording, "[I]n consideration of the foregoing and in consideration of the covenants and agreements set forth herein and in the Employment Agreement the parties hereto agree as follows . . . ." The Addendum is not ambiguous; it contains the unequivocal statement that it is the intention of both parties to ratify all of the terms and conditions of the original Employment Agreement, to which it specifically refers. It is the manifestation of Stowers' intent that controls. *Wyman*, 208 Mont. at 64, 676 P.2d at 185. The writing expresses his intention and his intent is clear. The plain language of the Addendum must be construed as the parties themselves stated therein. Section 28-3-303, MCA; *see Abstract & Title v. Smith Livestock*, 2006 MT 265, ¶ 16, 334 Mont. 172, ¶ 16, 146 P.3d 732, ¶ 16 (citation omitted).

¶17 We conclude that by executing the Addendum, Stowers and CMC ratified the original Employment Agreement calling for employment for a specific term.

¶18 Stowers goes on to argue that even if the original Employment Agreement was ratified by the Addendum, the date it specifies for the termination of his employment is in its recitals. Because introductory recitals to a contract are background statements and

6

generally do not form a part of the agreement, he argues that the Addendum did not constitute a contract for a specific term. *See McKinnon v. Baker*, 370 N.W.2d 492, 494 (Neb. 1985). However, the whole of a contract is to be taken together so as to give effect to every part if reasonably practicable. Section 28-2-202, MCA. The contract must be viewed from beginning to end. *State v. Rosman*, 84 Mont. 207, 217, 274 P. 850, 853 (1929). Recitals in a contract should be reconciled with the operative clauses of the contract and given effect as far as possible. While "whereas" clauses cannot be permitted to control over the express provisions of a contract, they are to be read in conjunction with the operative portions of the contract in order to ascertain the intention of the parties. 17A *C.J.S.*, Contracts § 317 (1999). The essential feature of a contract is the promise. When the court can collect from the writing the intention of the parties, it amounts to a covenant, whether it be contained in the recital or in any other part of the instrument. While general or limited terms may be restrained by particular recitals, each contract must be construed according to its meaning and no rigid rules of construction can be applied that will do violence to the intention of the parties. *Hunt v. United Bank & Trust Co.*, 291 P. 184, 187 (Cal. 1930). Furthermore, it has also been held that recitals become an operative part of the contract when they include language indicating the contract is being formed in consideration of those recitals. *Wilson v. Wilson,* 577 N.E.2d 1323, 1329 (Ill. App. 1 Dist. 1991) (citing *American Natl. Bank & Trust Co. v. Chicago Title & Trust Co.,* 481 N.E.2d 71, 74 (Ill. App. 1 Dist. 1985) (recitals themselves deemed operative when contract stated "'[f]or and in consideration of the premises set forth in the foregoing Recitals . . . .'")).

¶19 Immediately following the recitals, the Addendum refers to such recitals when it says, "NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants and agreements set forth herein and in the Employment Agreement the parties hereto agree as follows . . . ." This language is a deliberate reference to the recitals and indicates that the information contained in them is a basis of the parties' agreement. CMC agreed to employ Stowers and Stowers agreed to work for CMC for the pay and on the other terms and conditions of employment stated in the Addendum for the time stated therein. Either party could insist that the terms and conditions of the contract be re-negotiated at the end of the term. And either party could terminate the employment at the end of the specified term without causing legal damage to the other.

¶20 We conclude that, in considering the Addendum as a whole and noting that it states the recitals are consideration for the agreement, the parties intended that the termination date found in the recitals be a part of the agreement. Therefore, the Addendum was an employment contract with a specific expiration date of January 31, 2004.

## CONCLUSION

¶21 Because Stowers and CMC ratified the original Employment Agreement in writing and because the termination date in the Addendum is an operative portion of an agreement for employment for a specific term, the District Court did not err in holding that Stowers' claim fell outside the WDEA. Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶22    In my judgment, the District Court's reliance on the theory of ratification was misplaced, and this Court errs in accepting it. As this Court points out, the Addendum specified an employment expiration date which was four years later than the expiration date set forth in the original Employment Agreement. This being so, the Addendum does not "ratify the original Employment Agreement," as the Court posits (¶ 16)—it changes it. However, now that the District Court and this Court have applied the ratification theory, it is imperative that the theory be applied correctly under the law. I would conclude we have not done so.

¶23    It is important to note that CMC did not argue contract ratification as a basis for its request for summary judgment. Thus, Stowers had no reason to argue the elements of ratification in resisting summary judgment. It was only when he received the District Court's order of summary judgment adopting the theory that Stowers realized the necessity of presenting evidence of his intent; however, his Motion to Alter or Amend Judgment to present such evidence was denied by the District Court.

¶24    Stowers argues on appeal and I agree, that, in order to constitute a contract ratification, there must be an acceptance of the act of ratification with an intent to ratify,

9

made "with full knowledge of all the material circumstances." *Koerner v. Northern Pac. Ry. Co.*, 56 Mont. 511, 520, 186 P. 337, 340 (1919). *See also Wyman v. Wyman,* 208 Mont. 57, 64, 676 P.2d 181, 185 (1984). Thus, evidence of whether Stowers intended to ratify, or acted "with full knowledge of all the material circumstances" is directly relevant to the question of whether a ratification occurred. This being so, Stowers' contention that the Addendum was handed to him during a dinner party with assurances that the purpose of the document was to increase his compensation, and his argument that he had no intent to "ratify" a new contract expiration date, was—by law—relevant to the court's analysis. The District Court erred in adopting a theory not urged by the moving party, and then in refusing to consider evidence relevant to that theory's application.

¶25 Because there is a genuine issue of material fact regarding Stowers' intent in executing the Addendum, the District Court erred in granting summary judgment to CMC. I would reverse the District Court's order of summary judgment and remand with instructions that the court take account of Stowers' intent evidence. I dissent from our refusal to do so.

/S/ PATRICIA COTTER

Justice James C. Nelson joins in the Dissent of Justice Patricia O. Cotter.

/S/ JAMES C. NELSON

10